### TRAVELERS INS. CO. OF HARTFORD, CONN., v. DRUMHELLER.
#### No. 2994.

District Court, W. D. Missouri, W. D.
Nov. 15, 1938.

Mosman, Rogers, Bell & Buzard, of Kansas City, Mo., for plaintiff.

Clif Langsdale and Roy Rucker, both of Kansas City, Mo., for defendant.

OTIS, District Judge.

The only really controverted issues in this case are two, one of law, one of fact. We shall present our views only on these issues in this short memorandum.

1. The issue of law is this: In a declaratory judgment proceeding brought by an insurance company praying a judgment that it is not liable to the beneficiary in a policy of accident insurance, that it is not liable on the theory that the insured died from natural causes and that he did not die from accident, is the burden on the plaintiff to prove that the insured did not die from accident?

Without looking into the books, we would say at once (as we did say at the trial) that, of course, the burden is on the plaintiff. Elementary principles support that conclusion. One who comes into court asking a judgment against another, whether it be a declaratory judgment only or one capable of immediate enforcement, must prove that he is entitled to that judgment. If an insurance company, which, normally, would be defendant in an action to enforce a contract of insurance, desires, for the sake of certain advantages, to initiate the proceeding and to become plaintiff, it must assume the ordinary burdens of a plaintiff. Asking a judgment that it is not liable, it must prove it is not liable. In this case it can do that only by proving the insured did not die from accident.

We would reach that conclusion without looking into the books. We must, however, examine the cases and authorities cited by plaintiff for what seems to us a heterodox position.

The only case cited which really touches the question is Travelers Insurance Company v. Greenough et al., 88 N.H. 391, 190 A. 129, 109 A.L.R. 1096. The court held there that, under the New Hampshire Declaratory Judgment Act, the burden of proof is on the defendant in an action for declaratory judgment brought by an insurer to determine whether its motor vehicle liability policy furnished coverage for a certain accident. The reasoning of the opinion would apply to a case of the character now before us.

To a certain extent the New Hampshire opinion turns upon the language of the New Hampshire Act which is said in the opinion to authorize a declaratory judgment proceeding "to determine the question as between the parties." It is said in the opinion that the Act "does not change their relative normal positions [i. e. the normal positions of the parties] in which one seeking redress must establish issues of fact in his favor by the greater weight of evidence." [Page 131.]

But the Federal Act (Title 28, Sec. 400, U.S.C., 28 U.S.C.A. § 400) vests the courts of the United States with power "upon petition, declaration, complaint, or other appropriate pleadings to declare rights * * * of any interested party petitioning for such declaration, * * *." Non-liability is one of the "rights" referred to in the Act. Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000. Certainly the declarant must plead in his "petition, declaration, (or) complaint" the facts which entitle him to the judgment he seeks. What he pleads he must prove.

Consider the present case. The plaintiff inter alia pleads that the death of the insured "* * * was not due to, the result of, or brought about in any manner for which the payment of indemnity is provided for by said policy." The plaintiff prays that the court "declare that the death of (the insured) did not result from bodily injuries, effected solely through accidental means." Obviously, it seems to us, if defendant put in no evidence whatever, plaintiff would not be entitled to a judgment granting the prayer of its petition unless it offered proof sustaining its allegations.

It will not be overlooked that what the Federal Declaratory Judgment Act looks to is, not a mere determination of such questions as may have arisen between the parties (as in the New Hampshire Act), but an affirmative declaration of the "rights" of the petitioner. How can it be maintained that one who affirmative-

ly seeks a judgment establishing his "rights" has no burden to prove his case.

In so far as the reasoning of the New Hampshire court would fit the Federal Act, we do not agree with that reasoning. Nor do we agree with the statement of that court that the result of the reasoning is just and fair. An insurance company institutes a declaratory judgment proceeding because it expects important advantages from itself taking the initiative. Why should it have those advantages (including the selection of the place of contest) without assuming also the ordinary burdens of a plaintiff?

2. The controverted issue of fact is this: Has plaintiff proved that the insured did not die as the result of accident? The doctors disagreed. In numbers and apparent capacity they offset each other. But there is one fact that stands out like Everest. The insured apparently was well and strong and vigorous on June 20, 1937, and had been so uninterruptedly for many years. On that day he suffered fearful injuries in a frightful wreck,—deep wounds, broken bones, extensive contusions. Taken to a hospital, he died there on the third or fourth following day.

No jury, trying the case, would say there was no connection between the events of June 20 and the death on June 24. And we cannot say there was no connection, especially when we consider that the burden of proof is on the plaintiff.