## RELIANCE LIFE INS. CO. v. FANCHER et al.

## BURGESS v. RELIANCE LIFE INS. CO.

### Nos. 15, 25.

District Court, W. D. Missouri, Central Division.

July 13, 1939.

Howard F. Major, of Columbia, Mo., Stockard & Stockard, of Jefferson City, Mo., and Jones, Hocker, Gladney & Grand, of St. Louis, Mo., for Reliance Life Ins. Co.

Clark, Boggs, Peterson & Becker and Cave & Hulen, all of Columbia, Mo., for Fancher, Burgess and others.

COLLET, District Judge.

The above two cases are pending on motion to consolidate. The issues of fact in each are identical, i. e., whether the insured died from accidental causes or from suicide.

If the above considerations were alone involved, the motion would be sustained without question. But one of the cases is an action by the beneficiary as plaintiff against the insurance company, the defendant, with the plaintiff beneficiary obviously carrying the burden of proof, while in the other case the insurer as plaintiff seeks a judgment under the Declaratory Judgment Act, 28 U.S.C.A. § 400, adjudicating its non-liability. The defendants in the latter action are the Administrators of the deceased insured's estate—the policies therein involved being payable to the estate, while in the other action a different policy is payable to the plaintiff in that action. If the burden of proof in the declaratory judgment action must be carried by the defendants who stand in the position of the beneficiary in the former action, then the case may be consolidated without confusing the jury. While on the other hand if the insurance company, the plaintiff in the declaratory judgment action, carries the burden of proof in the latter case, the resulting complication would undoubtedly be confusing to the jury and prevent consolidation.

Considerable research fails to disclose the existence of better authority on the subject than the conclusion expressed by Judge Otis in Travelers Insurance Company v. Drumheller, D.C., 25 F.Supp. 606, wherein the burden of proof is said to rest upon the plaintiff insurance company in a declaratory judgment action seeking a judgment declaring its non-liability upon an accident insurance policy. Since, therefore, the burden of proof in each of these cases rests upon parties standing in different relative positions, it is impractical to consolidate the cases and the motion is therefore denied.