**ASSOCIATED INDEMNITY CORPORATION v. DAVIS et al.**

**ANSTINE et al. v. SAME (ASSOCIATED INDEMNITY CORPORATION, Garnishee).**

**Civ. A. Nos. 551, 1220.**

District Court, M. D. Pennsylvania.
Sept. 28, 1943.

836

See, also, 45 F.Supp. 118.

Civ. A. No. 551:

Bailey & Rupp, John H. Moody, and Walter H. Compton, all of Harrisburg, Pa., for plaintiff.

William H. Neely, Harold W. Swope, Rose Daniels, Willis F. Daniels, David Putney, Spencer G. Nauman, W. E. Shissler, and F. Brewster Wickersham, all of Harrisburg, Pa., for defendants.

Civ. A. No. 1220:

Metzger & Wickersham, of Harrisburg, Pa., for plaintiffs.

Douglass D. Storey, of Harrisburg, Pa., for defendants and garnishee.

JOHNSON, District Judge.

This is a petition to consolidate actions.

The first action, to Civil Number 551, was instituted under the Federal Declaratory Judgment Act, 28 U.S.C.A. § 400, for the purpose of determining the liability of Associated Indemnity Corporation under a certain policy of automobile insurance issued to Harry R. Davis, Sr., in which Harry R. Davis Jr., was an additional insured. This Court held that Associated Indemnity Corporation was not obligated, under the terms of the policy to defend or to pay any claims against Harry R. Davis, Jr., because of his failure to co-operate in the preparation and trial of the negligence issue in the Court of Common Pleas of Dauphin County, Pennsylvania.

Upon appeal to the United States Circuit Court of Appeals for the Third Circuit, 136 F.2d 71, 75, the following conclusion was reached, "We conclude that there was no showing on which a finding of prejudice to the insurance company could be made and that under the Pennsylvania authorities, such prejudice must be found in order to relieve the insurer from liability under the policy", and the following order entered, "The order of the District Court is reversed and the case remanded for further proceedings in accordance with this opinion."

The second action, to Civil Number 1220, was removed to this Court by order of the Common Pleas of Dauphin County and is a proceeding by writ of attachment execution seeking to reach funds of Harry R. Davis, Jr., in satisfaction of a judgment obtained against Harry R. Davis, Jr., and entered in the Court of Common Pleas of Dauphin County as a result of the trial of the negligence action.

The issue involved is the propriety of permitting the consolidation of two such widely divergent types of action.

In the first place no compliance has as yet been had with respect to the order of the Circuit Court in that no further proceedings have been instituted in accordance with the opinion filed by that Court. If further proceedings are commenced it is not yet determined what they shall be nor whether they shall be allowed. Certainly the consolidation of such an action, if indeed, it is still properly so named, with the attachment execution action, would be inadvisable at this time and at this stage of the proceedings.

In the second place, the attachment execution proceedings are highly technical in nature wherein the Statutes of the Commonwealth of Pennsylvania and the relative Rules of Civil Procedure and Rules of Court must be strictly followed. An action of this type cannot be consolidated with another action of such different nature without a resulting conflict of procedures. Many difficulties will arise from such matters as interrogatories, answers thereto, statutory time requirements, prior assignments of the fund sought to be reached, set off by garnishee, plea of nulla bona and contesting claimants to the fund. In such cases it is unwise to set a precedent for consolidation.

In the third place, in the declaratory judgment action the burden of proof rests upon the petitioner, while in the attachment execution action the burden of proof rests upon the respondent. That a consolidation of actions should not be permitted in such case was decided in Reliance Life Ins. Co. v. Fancher et al., D.C., reported in 30 F. Supp. 264. In that case it was held: "In insurer's action for declaratory judgment declaring its nonliability upon accident policy, insurer had burden of proof. * * * An action by beneficiary against insurer to recover on policy would not be consolidated with other action by same insurer against administrators of insured's estate, for declaratory judgment adjudicating insurer's nonliability on other pol-

icies, notwithstanding that fact issues in each case were identical, since burden of proof rested upon different parties in the different cases and consolidation would result in confusing the jury."

This Court is of the opinion that this ruling should be followed.

Now, therefore, this 28th day of September, 1943, the petition to consolidate the above-named action be, and it is hereby, dismissed.