## American Fidelity Co. v. Hotel Poultney et als

(102 A2d 322)

Special Term at Rutland, November, 1953.

Present: Sherburne, C. J., Jeffords, Cleary, Adams and Chase, JJ.

Opinion Filed January 5, 1954.

*Ryan, Smith & Carbine* for the petitioner.

*Andrew C. Calvi* for petitionee, Hotel Poultney, Inc.

*Lawrence & O'Brien* for petitionees Clifford W. Burton and Socony-Vacuum Oil Co., Inc.

**Jeffords, J.** This is a petition for a declaratory judgment or decree brought to the court of chancery for the county

of Rutland. The material allegations in the petition are, in substance, as follows: The plaintiff issued to the defendant Hotel a liability insurance policy. The policy contained a condition that upon the occurrence of an accident, written notice should be given by or on behalf of the insured to the plaintiff or any of its authorized agents as soon as practicable and that this condition was, by the terms of the policy, made a condition precedent to the maintenance of any action against the plaintiff under the policy. That on January 5, 1953 an action had been commenced by one Burton against the Hotel to recover damages for injuries claimed to have been sustained on December 4, 1950, on account of negligence of the Hotel. That no notice in writing, or otherwise, concerning the injuries had been given to the plaintiff or any of its authorized agents until on or about December 8, 1952. That it had been called upon by the Hotel to appear and defend this action. That upon information and belief, if a judgment were rendered against the Hotel it would be called upon to pay the same within the limits of its policy.

Burton was made a party defendant as was also the Socony-Vacuum Oil Co., Inc. on account of Workmen's Compensation payments made by it to Burton. A temporary injunction was issued restraining the prosecution of the action of Burton against the Hotel.

A hearing was had by the chancellor on the pleadings. At that time various concessions concerning matters pleaded were made by counsel. None of these concessions are material to any issue before us. The chancellor ruled that he was "unable to declare whether or not the notice was given as soon as practicable, and for that reason, the petition must be dismissed and the injunction dissolved." A decree was entered dismissing the petition and dissolving the injunction, with costs to the petitionees. Exceptions were allowed the plaintiff and in its bill of exceptions signed by the chancellor the decree was stayed and the injunction was continued in force and the cause was passed to this Court.

It is apparent from the wording of the above quoted ruling and from the transcript of the hearing that the main reason for the dismissal of the petition was the conclusion of the chan-

cellor that the plaintiff had the burden of proving a violation of the policy condition as to notice and that it had failed to sustain this burden.

In a suit on a policy by the insured against the company the burden of proving that a notice was given as soon as practicable is on the plaintiff. *Houran* v. *Preferred Acc. Ins. Co.*, 109 Vt 258, 268, 195 A 253. See also *Reynolds* v. *John Hancock Life Ins. Co.*, 117 Vt 541, 544, 97 A2d 121. The question for us to determine is whether this rule is changed in an action by the insurer for a declaratory judgment or decree of non-liability under a policy. This is the first time we have been called upon to answer this question.

The first case with facts similar to the one at hand wherein this question was specifically decided is *Travelers' Ins. Co.* v. *Greenough*, 88 NH 391, 190 A 129, 109 ALR 1096. Liability under the policy in that case depended on whether the person driving the automobile covered by the policy was using it at the time of an accident with the insured's consent. The lower court ruled that the burden of proof on this issue was on the company. This holding was reversed by the supreme court which held that the burden of proof rests where it would have rested if the insured had brought an action on the policy. This holding has been followed several times in later decisions of that court.

Other cases with facts similar to the ones here in which the same result has been reached are *Preferred Acc. Ins. Co.* v. *Grasso*, 2 Cir., 186 F2d 987, 23 ALR2d 123; *Reliance Life Ins. Co.* v. *Burgess*, 8 Cir, 112 F2d 234, especially the concurring opinion of Sanborn, J.; *State Farm Mut. Auto Ins. Co.* v. *Smith*, DC, 48 Fed Supp 570.

A discussion of this question is found in Borchard, Declaratory Judgments, 2d ed. 404-409. Professor Borchard, after first stating that "Since as a rule the risk of non-persuasion is on the plaintiff, it is not surprising to find that the burden of proof in declaratory actions rests in the vast majority of cases, on the moving party," says that in insurance cases such as the one here, "Inasmuch as the company's claim of immunity is in reality negatively defensive, there seems no impropriety in leaving the burden of proof exactly where it would have been

had suit been brought on the policy, namely, on the insured or injured person." He concludes that the burden of proof in such cases is not automatically on the plaintiff, but on him who without evidence would be compelled to submit to an adverse judgment before the introduction of any evidence or who asserts the affirmative of any issue. He relies for this statement of the rule on the Reliance case, supra. This statement is also approved in *Bauer* v. *Clark*, 7 Cir, 161 F2d 397.

There are several cases from the federal courts, largely district court decisions, which might be said to hold that in case such as the one at hand the burden of proof is on the company plaintiff. See *N. Y. Life Ins. Co.* v. *Stoner*, 8 Cir., 109 F2d 874; *Metropolitan Cas. Ins. Co.* v. *Miller*, 7 Cir., 188 F2d 702; *Standard Acc. Ins. Co.* v. *Leslie*, D. C., 55 F Supp 134; *Lumberman's Mut. Cas. Co.* v. *McIver*, D. C., 27 F Supp 702. The case of *Travelers' Ins. Co.* v. *Drumheller*, D. C., 25 F Supp 606, is the one among such cases which is mainly relied upon by the defendants here in their brief. That case repudiates the holding in *Travelers' Ins. Co.* v. *Greenough, supra*, and holds squarely that the burden of proof is on the plaintiff in cases such as the one here. Professor Borchard in his work on pages 406 and 407 criticizes this decision as unsound and on page 407 note 4 he says that the circuit court of appeals in the case of *Reliance Life Ins. Co.* v. *Burgess, supra*, discredits and overrules the Drumheller case which was decided by a district court judge in that circuit. It may be here noted that Judge Sanborn in his concurring opinion in the Reliance case, above referred to, expressly approves of the holding in the Greenough case and it is given tacit approval in the opinion in *Preferred Acc. Ins. Co.* v. *Grasso, supra*.

We are aware of the fact that the rule of the Greenough case has been criticized by several text book writers and in some of the law reviews. The author of the Annotation appearing in 23 ALR 1243 et seq. has this to say on this subject: "Direct opposition to the rule of the Greenough case is more easily to be found in treatises and law reviews than it is in the decisions. Cases which do not follow the rule more commonly ignore it than discuss it. Cases directly opposing the rule

appear to be confined to a small and peculiar group of federal decisions in the Eighth Circuit, the language of which affords some difficulties of interpretation." The Drumheller, Stoner and Reliance cases, supra, were from courts in that circuit. This interesting question is fully discussed and treated, with numerous cases cited, in the above Annotation.

■ The weight of authority as shown by the cases which clearly and specifically answer the question now before us supports the rule of the Greenough case. We approve generally the reasons given for the rule in that case and in others with similar holdings. We do not deem it necessary to point out the reasons which particularly appeal to us. It follows that the chancellor was in error in concluding that the burden of proof was on the plaintiff to show a violation of the policy condition in question.

Defendants Burton and Socony-Vacuum Oil Co. say that they are strangers to the contract of insurance of the plaintiff and the Hotel. They cite authorities to the effect that the burden of proving the right to injunctive relief is on the complainant. They refer to the allegation in the plaintiff's petition for an injunction that the trial of Burton's suit prior to the hearing and determination of the petition for a declaratory judgment or decree will result in irreparable harm and injury to the plaintiff and they say that because the plaintiff offered no evidence to substantiate this allegation the chancellor properly dismissed the petition for a declaratory judgment or decree.

This matter of the issuance of an injunction was considered by the chancellor on the pleadings along with the petition for a declaratory judgment or decree. No pleading was filed by any of the defendants denying the allegation of irreparable harm and injury so it would seem that it should be taken as admitted to be true by the defendants.

However that may be, the plaintiff did not ask for the permanent restraining of Burton's action but only that he be enjoined from prosecuting it until further order of court. The relief here prayed for was only incidental to the real question before the chancellor. Burton could suffer no real harm, merely delay, by a decision of the chancellor continuing in force

the temporary injunction pending a decision on the main petition. As before noted, the injunction was so continued by the chancellor in the bill of exceptions. This final action on his part is not here questioned. No reason is given, and we can see none, why the Oil Company could be harmed by any decision of the chancellor on this matter.

Under the circumstances, it is immaterial whether or not the burden of proof of a right to an injunction against these defendants was on the plaintiff. This issue was collateral to the real issue of burden of proof raised in the petition for declaratory relief. The decree which was entered was not dependent on the determination of this issue. This is shown by the final action of the chancellor in continuing the injunction.

The defendants say that the plaintiff in its petition for a declaratory judgment or decree does not allege that the notice which it admits was given was not a notice complying with the provisions of the insurance contract and that it does not ask the chancellor to so find. While it is possible that the pleadings could have been better phrased in this respect, it is clear to us, and apparently was to the chancellor, from the petition that the plaintiff was claiming that the notice did not so comply and was asking that the chancellor so find.

The defendants also claim that as the plaintiff in its replication to the Hotel's answer does not deny paragraph 4 therein, the facts there pleaded are admitted. These facts are, in substance, that the Hotel did not receive any notice of the claimed injuries to Burton until about December 8, 1952, when it was informed of them by a letter from the Oil Company and that it immediately notified duly authorized agents of this notice by delivering to them this letter. The plaintiff in paragraph I of its replication "neither admits nor denies the matters set forth in Paragraph 4 of the Answer of Defendant Hotel Poultney, Inc. but leaves the Defendant Hotel Poultney, Inc. to its proof in that behalf if material."

Under the common law rule of pleading this wording in the replication would amount to an admission of the alleged facts in that part of the answer. *Rowell* v. *Tunbridge*, 118 Vt 23, 98 A2d 72; *Barber* v. *Chase*, 101 Vt 343, 349, 143 A 302.

■ This action having been brought to the court of chancery under the provisions of the Uniform Declaratory Judgment Act, V. S. ·47, ch. 77, the rules of equity pleading here apply. *Manchester* v. *Townshend*, 109 Vt 65, 69, 192 A 22, 110 ALR 811. It would seem that the plaintiff believed it was putting in issue the facts alleged in paragraph 4 under chancery rule number 21. Defendants Burton and The Oil Company use the same language in one paragraph of their answer. Defendant Hotel in its answer denies knowledge sufficient to form a belief as to certain allegations and leaves the plaintiff to proof thereof. It is not necessary to decide whether the forms here used by the various parties, or either of them, satisfy the rules of equity pleading in the way of putting in issue the pertinent alleged facts. This matter is discussed in Equity, 30 CJS on pages 760 and 766. See also *Devereaux* v. *Cooper*, 11 Vt 103.

The plaintiff in paragraph 2 of its replication to the Hotel's answer says, "That as to the matters set forth in paragraph 8 of the Answer aforesaid it denies the same." The material allegations in this latter paragraph are as follows: "And further answering says that immediately and forthwith upon first receiving any notice whatsoever of said alleged injuries delivered and turned over to said Barrett Insurance Company, Inc. a letter dated the 8th day of December, A. D. 1952, informing said defendant (Hotel Company) of said alleged injuries to said Clifford Burton."

It is apparent that the facts alleged in paragraph 4 of the Hotel's answer are in substance the same as those alleged in its paragraph 8. There was an explicit denial of these alleged facts in the second paragraph of the replication which cured error, if any, in the form of its pleading in paragraph 1 in the way of putting in issue the alleged facts in question.

*Decree reversed and cause remanded. The temporary injunction and bond are continued in force.*