**LIBERTY MUTUAL INSURANCE CO.,**
a Massachusetts Corp., Appellant,

v.

**Richard D. SWEENEY and Ruth T. Connelly.**

**No. 11303.**

United States Court of Appeals,
Third Circuit.

Argued Oct. 14, 1954.

Decided Nov. 3, 1954.

**210**

Wallace E. Edgecombe, Pittsburgh, Pa. (John H. Sorg, Pittsburgh, on the brief), for appellant.

James P. McArdle, Pittsburgh, Pa., for appellee.

Before GOODRICH, KALODNER and HASTIE, Circuit Judges.

GOODRICH, Circuit Judge.

This is an action by an insurance company in a declaratory judgment proceeding seeking a declaration of noncoverage with regard to a particular accident. The district court held for the defendants and the insurance company has appealed to this Court.

The case turns upon a provision in the policy which was issued to the Charles E. Hires Company by the present plaintiff. The insurer has agreed:

"(1) To pay on behalf of the Charles E. Hires Company any damages imposed upon it by law on account of

"(a) personal injuries or death within certain limits stated in the said policy; and

"(b) property damage within certain limits stated within said policy arising out of the maintenance or use of motor vehicles owned by the Charles E. Hires Company; and

"(2) To defend said Charles E. Hires Company against any claims or suits, even though false or groundless, alleging liability on its part for such damages due to the maintenance or use of any insured vehicle while the said insurance was in force."[1]

The critical point in the case has to do with the definition of "insured." The policy includes, under this term, the named insured and any person using an owned automobile of the insured "provided the actual use of the automobile is by the named insured or with his permission."

The named insured in this case was the Charles E. Hires Company. Richard D. Sweeney was a part time employee of this company at its Pittsburgh branch. The remainder of his time was spent as a student in Duquesne University. On Saturday night, March 11, 1950, he was riding in a company car with Ruth T. Connelly, the other defendant in this action. The car had a collision with a vehicle owned by the Pittsburgh Railways Company and both Sweeney and Miss Connelly were badly hurt. Miss Connelly sued the Railways Company in the Common Pleas Court of Allegheny County. This Company joined Sweeney and his employer as additional defendants. The insurance company in this declaratory judgment action seeks to get itself out of responsibility for defending that suit on the basis that Sweeney's operation of the car at the time of the accident was not with the permission of the insured.

■ The action is brought under the federal declaratory judgment statute, 28 U.S.C. §§ 2201, 2202 (1952), but the sole basis for federal jurisdiction is diversity and we, of course, are applying Pennsylvania law.

■ At the outset we are invited to declare that although the insurance company brings this action as plaintiff, the burden of establishing permission is on the defendant since permission by the insured to Sweeney to operate the automobile is a condition of the company's liability. In support of this position the plaintiff gives us the New Hampshire rule set out in Traveler Ins. Co. v. Greenough, 1937, 88 N.H. 391, 190 A. 129, 109 A.L.R. 1096. He also urges upon us the Second Circuit's adoption of that rule in Preferred Accident Ins. Co. of New York v. Grasso, 2 Cir., 1951, 186 F.2d 987. We find the subject interesting and note that Moore's Federal Practice points out that: "Generally, it is reasonable and fair that one who brings another into court should have the bur-

---

I. This is taken from the findings of fact in the district court and not disputed by either party.

den of proving the prima facie elements of his asserted claim." Further Moore says: "Where the insurer seeks a declaration of non-coverage as to a particular accident, the insurance company should likewise experience no technical difficulty in producing proof of the facts it asserts. The insurer here seeks an advanced determination of its liabilities, and the injured third party is forced to litigate the coverage issue before it has established its claim against the insured. Since no policy or technical consideration dictates a change in the general rule, we believe that in these cases the plaintiff should bear the usual burden of proving his prima facie case." Moore's Federal Practice, ¶ 57.31[2] (1953).

■ We also bear in mind that this matter of burden of proof is one in which the federal court in a diversity case will follow state decisions. Moore, op. cit. ¶ 57.31[3]. On the particular point involved we are, therefore, being asked to decide Pennsylvania law in the absence of Pennsylvania authority on the subject.

■ We do not think our problem is as hard, however, as the plaintiff would now have us believe. In fact, no mention of the possibility of reversing the burden of proof appears in the record of the case in the district court.[2] The insurance company alleged in its complaint that it believed and expected to prove that Sweeney was driving this car without permission of the employer. When the case was tried to the judge without a jury, plaintiff went ahead with its proof as in the usual lawsuit. It called Sweeney as for cross-examination; it called Wilt, the general manager of the Hires Pittsburgh plant and such other witnesses as it thought necessary to prove its case. Then the defendants took over and offered their testimony. The only occasion we would have to face up to the question of who bears the burden of proof under the procedure followed in this case would be if, at the end of the testimony, the matter stood in even balance in the mind of the trier of fact.

This question of what happens in a declaratory judgment suit when the plaintiff has undertaken the ordinary burden which a plaintiff has in bringing an action has been dealt with admirably in the Ninth Circuit in Pacific Portland Cement Co. v. Food Machinery & Chemical Corp., 9 Cir., 1949, 178 F.2d 541. Here was a case in which the plaintiff in a declaratory judgment suit had gone ahead and offered its testimony in full. Under these circumstances the Court said: 178 F.2d at page 547 "it is idle to insist that the burden of proof was not upon the appellant. If it was not, the appellant certainly spent many days proving a negative. We must assume that experienced counsel will not adopt such trial tactics unless they are of the view, and *desire to give the impression to their opponent and to the court*, that they are going forward with evidence which it is their duty to produce. And, having done so, they cannot very well insist that, in reality, they assumed a burden which was not theirs." See also Bauer v. Clark, 7 Cir., 1947, 161 F.2d 397, 401. The New Hampshire rule announced in Greenough supra, has likewise been qualified. In Hartford Accident and Indemnity Co. v. Lougee, 1938, 89 N.H. 222, 196 A. 267, 269, the court said: "It [Plaintiff] voluntarily assumed the ordinary position of a plaintiff in opening the case and accepted the order for its closing. It thereby assumed the burden of proving it had not insured the defendant instead of requiring that action be taken in assertion of the claim of insurance. * * * It would be unfairly inconsistent for the plaintiff to take the advantages of the order of proceeding in the trial without submitting to the normally attendant burdens."

■ All this, we are sure, is but common sense and relieves us of having to give an answer in this piece of litigation

---

2. It is to be noted that in Reliance Life Ins. Co. v. Burgess, 8 Cir., 1940, 112 F.2d 234, the question as to whether plaintiff or defendant had the burden of proof was raised at the opening of the trial before any testimony had been offered.

in advance of what the Pennsylvania court may have to say about the question when it arises in the State court.

The plaintiff makes the further point that the conclusion by the judge that Sweeney was operating the car with the defendant's permission is one which the evidence will not support. He emphasizes this the more strongly because the trial judge indicated dissatisfaction with both the testimony of Sweeney and Wilt, the general manager of the branch plant.

■ However, we think there is adequate basis for the conclusion reached by the district judge. Indeed, we would have reached the same conclusion ourselves. There was undisputed testimony that Sweeney had, whenever, necessary or convenient, used the car in his employer's business. There was plenty of testimony that the policy with regard to use of company cars at this branch was rather free and easy. Salesmen used cars assigned to them for personal affairs, being only required to account for the expense of running the car for their own purposes. There was no company rule or practice, as the court points out, that would keep Sweeney from using the car nor were there any direct instructions given him not to use the car. As the district court says, "It is apparent from the record that Wilt was not too much concerned whether or not Sweeney used the car during the interval for his own affairs."

■ What all this adds up to is that there is adequate testimony to support the conclusion that Sweeney had at least tacit permission to use this car for his own affairs over the weekend in which the accident happened. Since Wilt was the manager in full charge of the Pittsburgh plant of the Charles E. Hires Root Beer Company and had the authority to assign cars, we find no difficulty in concluding that his power as general agent was sufficient to bind his employer with whom the insurance contract was made.[3]

The judgment of the district court will be affirmed.

3. The Hires Company entrusted Wilt, as general manager, with the general supervision of a particular branch, and thereby invested him with the power of a general agent co-extensive with the business entrusted to his care. Restatement, Agency, § 73; Bush v. Atlas Automobile Finance Corp., 1937, 129 Pa.Super. 459, 195 A. 757; Nusbaum v. Warwick Hotel Co., 1934, 112 Pa.Super. 277, 170 A. 388; Edwards & Strong v. Power Gasoline Co., 1933, 109 Pa.Super. 252, 167 A. 487.