■ JOAN BEARE, Appellant, v PRUDENTIAL INSURANCE COMPANY OF AMERICA, Respondent.—Appeal from a judgment of the Supreme Court in favor of defendant, entered July 14, 1977 in Ulster County, upon a decision of the court at Trial Term, with an advisory jury. The facts are substantially undisputed. Plaintiff is the widow and named beneficiary of three life insurance policies issued to her husband who died at age 38 on February 11, 1970. The total face value of the policies is $49,000 and each provides for double indemnity in the event of accidental death. The instant action was commenced to recover under this latter clause of the policies after defendant denied liability. Following a trial with an advisory jury the court found for the defendant. The policies in question preclude recovery for double indemnity where the death results "directly or indirectly from bodily or mental infirmity or disease". Consequently, an examination of the facts and circumstances surrounding the policyholder's death is required. Concededly, he was a transvestite. He was found hanging from the center beam in the basement of his home, fully clothed and made up in female attire. It is also conceded that decedent was engaging in a sexual act involving self-strangulation. Defendant further concedes that death was accidental. The sole issue for our determination is whether the jury properly determined, in an answer to one of two specific questions submitted by the court, that the insured's death resulted from bodily or mental infirmity. This finding was adopted and confirmed by the court. Since this issue was raised by defendant as an affirmative defense, it had the burden of proving it *(Imbrey v Prudential Ins. Co. of Amer.,* 286 NY 434, 436). Basically, plaintiff contends that defendant has failed to meet its burden of proof that death resulted from bodily or mental infirmity. Defendant contends otherwise and urges affirmance. Whether the insured was or was not suffering from a bodily or mental infirmity is substantially a medical question. Accordingly, an examination and analysis of the medical testimony is warranted. In addition to the concessions already mentioned, the record also reveals that both doctors agreed that the sexual idiosyncrasies of decedent constituted sexual deviations which were mental disorders as defined by the American Psychiatric Association. The doctors disagreed, however, as to whether such mental disorders were infirmities. In articulating his opinions plaintiff's doctor testified that the word "infirmity" denotes "a deficit, a loss due to different causes" and concluded that since decedent's "brain and central nervous system" appeared to be intact he merely exhibited a sexual deviation which by itself could not amount to an infirmity, defendant's doctor, on the other

hand, opined that "a mental infirmity is a mental weakness in some faculty of the mind that has a general standard of normality". He testified that decedent was suffering from transvestism and masochism and stated that such deviations were mental infirmities. He further testified that faulty judgment was evidenced by decedent's exposing himself to the danger of strangulation. It requires no citation to establish that where, as here, there is conflicting testimony, the finders of fact may reject in whole or in part the testimony offered by the other party. Plaintiff contends, however, that the conclusions reached by the trial court and expressed by defendant's doctor are precluded by the limited definition of "infirmity" as enunciated in *Eastern Dist. Piece Dye Works v Travelers Ins. Co.* (234 NY 441, 453). We disagree. We read *Eastern* to mean that the infirmity must be substantial and one that impairs the mental condition and health of the applicant and increases the chance of death or sickness. The infirmity must be such as to be so characterized by the common speech of men *(Silverstein v Metropolitan Life Ins. Co.,* 254 NY 81, 84). Considering the record in its entirety, together with the decisional and common definitions of the word infirmity we are of the view that the court and the jury could properly conclude that the insured's death resulted from bodily or mental infirmity. We also reject plaintiff's contention that the exclusion clauses of the policies are ambiguous. The judgment should be affirmed. Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.