■ CHARLES DANIEL, JR., Respondent, v ALLSTATE LIFE INSURANCE COMPANY, Appellant.—In an action by an insured to recover the proceeds of an accident insurance policy, the defendant insurer appeals from a judgment of the Supreme Court, Suffolk County, entered September 22, 1978, which was in favor of the plaintiff in the principal sum of $20,000, after a nonjury trial. Judgment reversed, on the law and the facts, without costs or disbursements, and complaint dismissed. In this case the plaintiff had a policy of life and accident insurance with the defendant, Allstate Life Insurance Company, which provided, inter alia, that if the insured sustained an "injury" while occupying a private passenger automobile, Allstate would pay certain benefits based upon a schedule of insurance. The schedule required Allstate to pay the $20,000 principal sum of the policy if the assured lost the sight of both eyes in an accident covered by the policy. So far as relevant here, "injury" was defined by the policy as "bodily injury caused by an accident occurring while the insurance is in force and which injury results * * * directly and independently of all other causes". With reference to the loss of an eye the policy definition required the "total and irrecoverable loss of entire sight". Plaintiff was involved in an automobile accident and made a claim to defendant for payment of the principal sum of the policy based upon the representation that he had lost the sight of both eyes as a result of the accident. The defendant declined coverage and plaintiff sued. At the trial plaintiff had the burden of proving that his alleged injury was covered by the terms of the accident policy (see 30 NY Jur, Insurance, § 1096, p 481; Plotkin v Disability & Cas. Inter-Ins. Exch. 27 AD2d 719, 720). Specifically it was incumbent upon plaintiff to show that (1) there was an actual total loss of sight of both eyes, (2) the loss of sight was irrecoverable, (3) the loss was sustained due to an accident occurring while he was the occupant of a private passenger automobile and (4) the loss was due to the accident directly and independently of all other causes. Defendant concedes the happening of the accident but contests (1) the alleged loss of sight, (2) that if such loss occurred it is irrecoverable and (3) that it was due to the accident only, independent of any other cause. Since the defendant does not contend that the alleged loss fell into any of the policy limitations, or exclusions, it bore no burden of proof in this case (cf. 30 NY Jur, Insurance, § 1096, p 481; Cohen v National Cas. Co., 275 App Div 1062). It is our opinion that the plaintiff failed to prove his case by a preponderance of the credible evidence. The plaintiff attempted to establish that although he suffered no physical or organic damage to any part of his optic system, he lost his sight due to an unconscious mental process known as hysterical neurosis with conversion reaction. The defense adduced strong proof in the form of the testimony of several of plaintiff's neighbors, his pastor, and his daughter's boyfriend and the testimony of an expert medical witness that plaintiff was a practiced malingerer who, when he thought he was unobserved, could read books, make repairs on his home, walk about his backyard unassisted, place parcels in the back of his car, etc. Contrary to this evidence was the testimony of the plaintiff himself, of his medical expert, and of a mobility therapist for the blind to the effect that he had totally lost his sight. Trial Term incorrectly held that "The observation of plaintiff by friends and neighbors [i.e., the defendant's proof] does not by a preponderance establish that plaintiff has sight". As indicated above, plaintiff bore the burden of proving that he was sightless. In fact, Trial Term found that the conflicting evidence was "inconclusive". Since by Trial

Term's own finding, the evidence in this case as to plaintiff's blindness was inconclusive, i.e., evenly balanced, it is plain that plaintiff failed to meet his burden of adducing preponderating proof that he was blind. In addition, plaintiff failed to meet his burden of proving, as required by the policy, that his alleged blindness was due solely to the accident, independent of any other cause. With respect to plaintiff's claim that the alleged blindness was due solely to the accident, the evidence established that at that time and for a time prior thereto plaintiff was a chronic schizophrenic, undifferentiated type, and that he had a long family history of mental disorders. Plaintiff's own medical witness testified that hysterical blindness can occur only in individuals with a pre-existing psychological disorder, that an automobile accident could not cause hysterical blindness in a person without such a pre-existing mental disorder and that plaintiff's psychological disorder combined with the provocation factor of the accident to cause plaintiff's claimed hysterical blindness. The doctor *conceded* that the accident could not have caused plaintiff's blindness without the contributing factor of his pre-existing mental disorder. On such evidence plaintiff cannot recover. "Under a policy phrased as this one, the insurer may be relieved of liability if an idiosyncratic condition of mind or body predisposing the insured to injury is so acute as to constitute a disease" or infirmity *(McMartin v Fidelity & Cas. Co. of N. Y.,* 264 NY 220, 222). The condition of chronic schizophrenia from which plaintiff suffered and which contributed to his alleged injury is, in our opinion, "so considerable or significant that it would be characterized as disease or infirmity in the common speech of men" (see *Silverstein v Metropolitan Life Ins. Co.,* 254 NY 81, 84). The plaintiff's mental disorder was not a mere harmless ailment "incapable of becoming harmful except through catastrophic causes, not commonly to be expected" (see *Silverstein v Metropolitan Life Ins. Co., supra,* p 84). Rather, plaintiff himself, prior to the instant accident, made a claim for benefits from the Social Security Administration upon the ground that his schizophrenia constituted a total emotional disability. It can thus be said, as a matter of law, that the automobile accident did not cause defendant's alleged blindness "directly and independently of all other causes" as required by the policy. In view of the foregoing, it is unnecessary to reach the question whether plaintiff failed to prove by a preponderance of the evidence that his alleged blindness was "irrecoverable". Hopkins, J. P., Damiani, Titone and Margett, JJ., concur.