**UTAH FARM BUREAU INSURANCE COMPANY, Plaintiff in Interpleader–Appellee,**

v.

**DAIRYLAND INSURANCE COMPANY, Defendant in Interpleader–Appellant.**

**No. 79–1044.**

United States Court of Appeals, Tenth Circuit.

Argued Sept. 19, 1980.

Decided Dec. 8, 1980.

Stephen G. Morgan of Morgan, Scalley & Davis, Salt Lake City, Utah, for plaintiff in interpleader–appellee.

---

Wendell E. Bennett of Wendell E. Bennett & Associates, Salt Lake City, Utah, for defendant in interpleader–appellant.

Before SETH, Chief Judge, and McWILLIAMS and BARRETT, Circuit Judges.

McWILLIAMS, Circuit Judge.

This is essentially a dispute between two insurance companies concerning policy coverage. An automobile driven by Dennis Nohava collided in Utah with a motorcycle driven by James Tuntland. James Tuntland was killed. James Tuntland's personal representative brought an action against Nohava in the United States District Court for the District of Utah. Jurisdiction was based on diversity.

Utah Farm Bureau Insurance Company thereafter filed a so–called "Complaint for Interpleader and Declaratory Relief" in the action then pending between Tuntland's personal representative and Nohava. Utah Farm sought a declaratory judgment as to whether, under its policy of insurance issued to one Ross Cassidy, it had a duty to defend Nohava and to indemnify for any judgment recovered against him. By stipulation, Dairyland Insurance Company, which provided uninsured motorist coverage on the Tuntland motorcycle, was permitted to appear as a defendant in interpleader.

The question of policy coverage was tried to the court before the liability issue was litigated. The evidentiary matter before the trial court consisted of various stipulations and testimony by Ross Cassidy and Dennis Nohava. From the record we learn that the title to the automobile which Nohava was driving at the time of the accident was in the name of Ross Cassidy and his wife. Ross Cassidy had been issued a policy of insurance on the vehicle by Utah Farm Bureau. Several months before the accident, Cassidy had entered into an oral conditional sales contract with his brother–in–law, Boyd Bowler, for the sale of the vehicle. Bowler thereafter retained possession of the vehicle, and made periodic payments to Cassidy, who used the money to pay the holder of a mortgage on the vehicle.

As indicated, at the trial on the coverage issue, the only witnesses were Cassidy and Nohava. Bowler, the conditional vendee, could not be located. The controverted fact issue before the trial judge was whether Nohava had permission from Bowler to drive the automobile on the day of the accident. Nohava testified that he had received the car keys from Bowler and that he had permission to drive the vehicle. This was the *only* direct evidence bearing on the question of permission. The trial judge, however, rejected Nohava's testimony. He did so on the basis that Nohava's testimony was self–serving, and that Nohava had a record of car theft.

The trial judge indicated that the state of the record on the question of permission was "in even balance." In other words, after rejecting Nohava's self–serving testimony, there was in reality *no* evidence on the matter, one way or the other. In such circumstance, the trial judge stated that the question of who had the burden of the proof became all–important and would be decisive of the case.

The trial judge ruled that one who seeks to come within an omnibus clause of an insurance policy has the burden of proof. This meant that Tuntland's personal representative, Nohava, and Dairyland Insurance had the burden of proof on the issue of whether Nohava had Bowler's permission to drive the automobile. The trial judge then found that Dairyland had failed to establish that Nohava was driving the vehicle with Bowler's permission and that under such circumstance Utah Farm's policy did not cover the accident. Alternatively, the trial judge held that, even if Bowler granted Nohava permission to drive the vehicle, Bowler, as a "first permittee," did not have the power or legal authority to grant permission to Nohava, who would be a "second permittee." Dairyland appeals.

■ It is agreed that the question of whether Dairyland had the burden of proving permission, or whether, on the other hand, Utah Farm had the burden of proving non–permission, is a substantive matter and, as such, is to be determined under

Utah law. *Palmer v. Hoffman*, 318 U.S. 109, 117, 63 S.Ct. 477, 482, 87 L.Ed. 645 (1943); *Fireman's Fund Ins. Co. v. Videfreeze*, 540 F.2d 1171, 1174–75 (3rd Cir. 1976), *cert. denied*, 429 U.S. 1053, 97 S.Ct. 767, 50 L.Ed.2d 770 (1977). It is further agreed that there is no Utah law directly bearing on the precise issue before us.

Faced with a situation in which there was no Utah law on the subject, the trial judge, a former Utah district judge, recognized that there was a split of authority on the matter, and found the better rule to be that the burden of establishing coverage under the omnibus clause of an automobile insurance policy is on the insured, and those claiming through the insured, and not on the insurance company. He further held that this general rule is not changed merely because the insurance company is the plaintiff in a declaratory judgment action. We are not inclined to disturb the trial judge's ruling on the matter.

It would appear that the general rule is that the burden of establishing coverage under an omnibus clause of an insurance policy is on those seeking to come within the coverage of the policy. *Hartford Accident and Indemnity Co. v. Shaw*, 273 F.2d 133, 137 (8th Cir. 1959). The split of authority arises when the issue is presented in a declaratory judgment context, *i. e.*, the insurance company, as a plaintiff, institutes an action seeking a declaration as to its rights and responsibilities. Some courts have held that in such setting the insurer has the overall burden of proof and, more particularly, the burden of proving non–permission where the party driving the car is not the named insured. See, *e. g., First National Bank v. Malady*, 242 Or. 353, 408 P.2d 724, 726 (Or.1965).

Other courts have held, however, that the mere fact that the insurer has instituted a declaratory judgment is not in and of itself determinative of the question of burden of proof. The question still turns on the nature of the issue to be resolved. Many courts have held on facts similar to those of the instant case that the burden of proving permission to drive the insured vehicle rests on the insured, and those claiming through him, and not the insurer, even when the latter has instituted a declaratory judgment action designed to resolve the question.[1] See, *e. g., Fireman's Fund Ins. Co. v. Videfreeze*, 540 F.2d 1171, 1174–76 (3rd Cir. 1976), *cert. denied*, 429 U.S. 1053, 97 S.Ct. 767, 50 L.Ed.2d 770 (1977); *Hartford Accident & Indemnity Co. v. Shaw*, 273 F.2d 133, 137 (8th Cir. 1959); and *Travelers Insurance Co. v. Greenough*, 190 A. 129 (N.H. 1937).[2] *Cf. Preferred Acc. Ins. Co. of N. Y. v. Grasso*, 186 F.2d 987 (2nd Cir. 1951) (discussing burden of proof regarding ownership).

As above indicated, on a close question involving unresolved Utah law, we are disinclined to disturb the ruling of the resident federal judge. Certainly there is respectable authority to support the ruling of the trial court. *Julander v. Ford Motor Co.*, 488 F.2d 839, 844 (10th Cir. 1973).[3]

Judgment affirmed.

1. The matter has been described as one in which, although the plaintiff–insurance company has initiated the action, the defendant actually is the party who seeks to prove an issue, *i. e.*, that the insurance policy provides coverage. As stated in *Reliance Life Insurance Co. v. Burgess*, 112 F.2d 234 (8th Cir.), *cert. denied*, 311 U.S. 699, 61 S.Ct. 137, 85 L.Ed. 453 (1940), the risk of non–persuasion "rests upon the party who, as determined by the pleadings, asserts the affirmative of an issue and it remains there until the termination of the action. It is generally upon the party who will be defeated if no evidence relating to the issue is given on either side." 112 F.2d at 238 (citations omitted).

2. *Travelers*, decided under the New Hampshire declaratory judgment statute, is apparently the first reported case in which the burden of proof was placed on the defendant in this type of situation. The New Hampshire court, in finding that the purpose of the declaratory judgment statute was not to shift the ordinary burden of proof, stated, "Burden of proof is not imposed according to priorities in taking legal steps to determine issues." 190 A. at 131.

3. The general rule governing a federal district court judge in determining a question of unresolved law of the state in which he sits is summarized in *Julander* as follows:

[I]n such circumstance a federal trial court must determine for itself what result would

probably be reached were the question to be litigated in a state court, and in making its determination the federal court may look to all resources, including decisions of other states, as well as the resident state, federal decisions, and the general weight and trend of authority.... And once a federal trial court has made its determination, we, as the reviewing court, are entitled to lean on the judgment of the federal trial judge as being knowledgeable and persuasive in the determination of the law of his resident state and his resolution of the matter should not be disturbed by us unless clearly erroneous. 488 F.2d at 844 (citations omitted).