**Lucy Jane BARKER, etc., Plaintiff,**

v.

**Helen D. GOLDBERG, Defendant.**

**No. CV–86–3039.**

United States District Court, E.D. New York.

Jan. 4, 1989.

Campbell Patrick & Chin, New York City, and Ross Dixon & Masback, Washington, D.C., for plaintiff.

Cole & Deitz, New York City, for defendant.

## MEMORANDUM AND ORDER

SIFTON, District Judge.

Lloyd's of London, through its representative, Lucy Barker, commenced this declaratory judgment action against Helen Goldberg pursuant to 28 U.S.C. §§ 2201 and 2202. Lloyd's seeks a declaration that it is not liable to Mrs. Goldberg for the death of her husband under the terms of a Total Accident Plan policy.

Mrs. Goldberg has counterclaimed seeking to recover benefits under the policy. The matter is currently before the Court on plaintiff's *in limine* motion seeking a determination with respect to the placement of the burden of proof. For reasons illustrated by cases in which the issue was not raised or determined until trial, *see Liberty Mutual Ins. Co. v. Sweeney,* 216 F.2d 209, 211 (3d Cir.1954); *Bauer v. Clark,* 161 F.2d 397, 401 (7th Cir.1947) *cert. denied,* 332 U.S. 839, 68 S.Ct. 210, 92 L.Ed. 411 (1947), the Court agrees that it is appropriate to rule upon this issue at this stage of the proceedings.[1]

Helen Goldberg is the beneficiary of a Total Accident Plan (TAP) policy issued by Lloyd's to her now deceased husband, Daniel B. Goldberg. On July 11, 1985, Mr. Goldberg died following a white-water rafting accident on the Rio Grande River in New Mexico. Mrs. Goldberg submitted a claim under the TAP policy which was denied by the underwriters contending that

Mr. Goldberg's death did not result solely and independently from an accident. The underwriters contend that Daniel Goldberg was suffering from a pre-existing disease, namely, arteriosclerotic heart disease, and that this disease caused or contributed to his death. Mrs. Goldberg contends that by the time of his death Daniel Goldberg had fully recovered from his prior heart disease and consequently his demise was caused exclusively by the accident. Thus, the parties dispute whether the accident was the sole and independent cause of Mr. Goldberg's death.

The TAP policy provides insurance against loss from

"... bodily injury caused by an accident which shall solely and independently of any other cause ... occasion the member's death."

The policy excludes from coverage any loss

"... caused by or resulting directly or indirectly from ... bodily infirmity, sickness or disease."

## DISCUSSION

In a traditional action brought by claimant insured under New York law, a named beneficiary seeking to recover accidental death benefits under an insurance policy bears the burden of proving that the insured's death was accidental and that death resulted directly from the accident and independently of all other causes. *Beece v. Guardian Life Insurance Company of America,* 110 A.D.2d 865, 488 N.Y.S.2d 422, 424 (2d Dep't.1988); *see Daniel v. Allstate Life Insurance Co.,* 71 A.D.2d 872, 419 N.Y.S.2d 662, 664 (2d Dep't.1979).

However, the case law concerned with the issue of who bears the burden of proof in a declaratory judgment action is by no means clear cut. An examination of this law reveals that who bears the burden of proof in a declaratory judgment action should not be resolved without considering the substantive nature of the case in which the issue arises.

---

**1.** In some cases, the question as to whether plaintiff or defendant had the burden of proof was raised before any testimony had been of-

fered. *See Reliance Life Ins. Co. v. Burgess,* 112 F.2d 234 (8th Cir.1940).

There is authority for the view that the plaintiff in a declaratory action should bear the burden of proof where the traditional positions of the parties in the action are reversed. The policy inherent in this view is that the party who initiates the proceeding for the sake of certain advantages must assume the ordinary burdens of a plaintiff. In the case of an insurer asking for a declaration that it is not liable, as plaintiff in the action, ordinarily it would have to prove that it is not liable. *See, e.g., Travelers Insurance Company v. Drumheller,* 25 F.Supp. 606 (W.D. Missouri 1938).

Nevertheless, the most persuasive and convincing authorities require the conclusion that the insureds must bear the burden of proof of coverage. Cases that have examined this issue have considered several factors which are also appropriately considered here. Among these factors are: (1) whether the plaintiff objects to assuming the burden of proof; (2) which party asserts the affirmative of the issue; (3) which party will lose in the absence of any evidence on the issue; and (4) what sort of relief is sought. *Fireman's Fund Ins. Co. v. Videfreeze Corp.,* 540 F.2d 1171, 1176 (3d Cir.1976) *cert. den.,* 429 U.S. 1053, 97 S.Ct. 767, 50 L.Ed.2d 770 (1977); *see* 23 A.L.R.2d 1243 (1952).

In *Preferred Accident Ins. Co. v. Grasso,* 186 F.2d 987 (2d Cir.1951) the Second Circuit Court of Appeals addressed the issue of who bears the burden of proof in a declaratory judgment act brought by an insurer seeking to resolve its liability. As defendant in the action at bar points out, the insurance law underlying this decision was that of Connecticut and the type of insurance at issue, a garage liability policy. These factual distinctions, however, do not undercut the reasoning of the opinion. In *Preferred,* in order to bring the claim within the policy's insuring clause, the insured had the burden of proving that he owned the automobile in question and that it was operated by his employee in the regular course of business. Thus, the defendant insured asserted affirmatively that his claim was covered by the policy. Here, Mrs. Goldberg, though in the position of counterclaimant, also seeks to assert affirmatively that the TAP covers her claim. The Third Circuit has explicitly recognized that, even when in the position of nominal defendant, the insured is in truth asserting the affirmative of the issue and thus may justly be required to bear the burden of proving it. *Fireman's Fund Ins. Co., supra,* at 1176. In this case Mrs. Goldberg must affirmatively prove that the death of her husband was an accident and is therefore covered by the TAP.

In addition, requiring the defendant insured to shoulder the burden of proof is appropriate under another of the factors to be considered: which party stands to lose in default of any evidence in the case. The pleadings will determine which of the parties would suffer an adverse judgment if no evidence is offered. *Phillip A. Hunt Co. v. Mallinckrodt Chemical Works,* 72 F.Supp. 865 (2d Cir.1947). The *Phillip Hunt Co.* case involved a declaratory action for non-infringement. Since the counterclaim in the answer alleged infringement, the court noted that it would be incumbent upon defendant to offer testimony to substantiate its allegations, failing which it could not recover. Notably, almost all of the cases which plaintiff cites holding that the burden of proof traditionally placed upon the insured should not shift because the case comes before the Court as a declaratory action for non-liability include counterclaims in the pleadings. Here too, the defendant has posed a counterclaim causing the case at bar to squarely fall into the reasoning in the cases here cited.

Who stands to lose in the absence of evidence involves substantially the same issues as the question who asserts the affirmative of the issues. *See Fireman's Fund, supra,* at 1176. The fundamental rule is that the risk of non-persuasion " 'rests upon the party who, as determined by the pleadings, asserts the affirmative of an issue and it remains there until the termination of the action.' " *Id., quoting Reliance Life Ins. Co. v. Burgess,* 112 F.2d 234 (8th Cir.), *cert. denied,* 311 U.S. 699, 61 S.Ct. 137, 85 L.Ed. 453 (1940). Mrs.

Goldberg cannot recover benefits here without proving the allegations of her counterclaim.

The authority upon which defendant relies for her position is unpersuasive in view of the facts presented here. *Travelers Ins. Co. v. Drumheller, supra,* the case upon which defendant chiefly relies, is not persuasive, nor has it been widely followed. *See Maryland Casualty Co. v. Baldwin,* 357 F.2d 338 (4th Dep't 1966).

As the Second Circuit in *Preferred Accident* observed, "It would seem rather anomalous that so important a matter should depend on the chance of who first sues." *Preferred Acc. Ins. Co. of N.Y. v. Grasso, supra,* at 991; *see also Utah Farm Bureau Ins. Co. v. Dairyland Ins. Co.* 634 F.2d 1326, 1328 (10th Cir.1980). The mere fact that the insurer has instituted the declaratory judgment action is not, in and of itself, determinative of a burden of proof issue.

For the reasons stated above, plaintiff's motion for an *in limine* ruling holding that defendant bears the burden of proof is granted.

SO ORDERED.