Argued June 27, decided July 8, rehearing denied September 9, 1913.

# DURKIN *v*. WARD.

(133 Pac. 345.)

**Quieting Title—Ownership of Property—Burden of Proof.**

1. Where, in a suit to quiet title, each party claims to be the owner, the burden is on each to establish by evidence his affirmative averments touching his own title.

**Quieting Title—Ownership of Property—Burden of Proof.**

2. Where plaintiff, in a suit to quiet title, attacked a deed by her to defendant as a forgery, the burden was on defendant, admitting that plaintiff was the owner except for the deed, to prove the facts necessary to make it a valid conveyance.

**Quieting Title—Ownership of Property—Burden of Proof.**

3. In a suit to quiet title, evidence *held* to show the forgery of a deed from plaintiff to defendant, under which the latter claimed, and to overcome the *prima facie* title created under Section 7132, L. O. L., by the transcript of the record of the deed.

From Lincoln: LAWRENCE T. HARRIS, Judge.

Department 2.　Statement by MR. JUSTICE BEAN.

This is a suit by K. A. Durkin against Eugene S. Ward, to quiet title to a quarter-section of timber land. Plaintiff appeals from a decree in favor of defendant. Plaintiff alleges that she is the owner in fee simple and entitled to the possession of certain real estate situated in Lincoln County, Oregon. Defendant denies the allegations of the complaint, and alleges that he is the owner in fee simple of the land.

REVERSED.

For appellant there was a brief over the names of *McCain, Vinton & Galloway,* with oral arguments by *Mr. James McCain* and *Mr. J. E. Burdette.*

For respondent there was a brief and an oral argument by *Mr. Lester W. Humphreys.*

Mr. Justice Bean delivered the opinion of the court.

Plaintiff and defendant commenced to live together as husband and wife in 1903, and so resided, without being married, until February, 1910. On the 25th day of April, 1906, defendant by warranty deed conveyed the premises in question to plaintiff, the deed being duly recorded in Lincoln County May 2, 1906. This deed recites a consideration of "one ($1.00) and other valuable consideration." The plaintiff claims title by virtue of this deed. A certified copy of the record of deed of the land from plaintiff to defendant, purporting to have been executed on the 23d day of December, 1907, to have been witnessed by W. S. King and D. M. Donaugh, and acknowledged before the latter on that date, was offered in evidence by plaintiff. This deed was recorded in Lincoln County March 15, 1910. Plaintiff asserts that it is a forgery and void. She states that she signed a deed of the land to defendant on September 17, 1906, in the presence of S. W. King and D. M. Donaugh, and acknowledged the same before Mr. Donaugh; that the deed was signed for the purpose of aiding defendant's financial standing in connection with a certain logging contract which he had; that soon after signing this deed she went east for a time and left the same for the defendant to make use of in case of necessity, but that the logging contract was abandoned and the deed never used nor delivered to the defendant; that she destroyed it about 1908. The defendant's version of the matter is that he executed the deed of April, 1906, as security for a loan to him of about $500, in order to pay a demand upon which action against him was instituted and an attachment levied upon the land by Roebling & Son; that in December, 1907, he paid plaintiff the loan, and that she reconveyed the land by the deed in question; that after leaving this deed he placed it in his trunk,

to which plaintiff had access, where it remained until
he sent it to Lincoln County for record. Upon the re-
turn of the deed defendant states that he erased the
certificate of the recording officer and replaced the
deed in his trunk, from which it disappeared, and that
it cannot be produced. S. W. King, a prominent busi-
ness man of Portland, who is supposed to be the wit-
ness named upon the copy of the deed as ''W. S. King,''
testified that he had no recollection of witnessing a
deed either of that date or of September, 1906. Mr.
D. M. Donaugh, an attorney of Portland, was also
called as a witness. He, too, had no recollection of the
transaction; therefore their testimony sheds no light
upon the matter. The error in name of S. W. King
remains a mystery.

The plaintiff asserts that she loaned various sums to
the defendant and paid sundry accounts for him; that
in 1909 they went to California for the benefit of her
health, where the defendant left her and returned to
Oregon a short time before the deed in question was
recorded; that they have not lived together since then.
The deed of April 25, 1906, conveyed the title to the
land to the plaintiff. While it is mentioned inciden-
tally that this was given as security for a loan, there
is no issue of that kind in this case. This is not a suit
to declare the deed of April, 1906, a mortgage: *Stuart
v. Lowry,* 49 Minn. 91 (51 N. W. 662); *Merrill v. Dear-
ing,* 47 Minn. 137 (49 N. W. 693). The testimony
shows that the plaintiff is the owner in fee of the dis-
puted real estate, unless the testimony of the defend-
ant establishes that there was a reconveyance of the
land from the plaintiff to the defendant. Before the
estrangement between the parties they were very
friendly, and transacted their business in a lax man-
ner. Evidently they expected to marry. Since that
time their attitude toward each other has been the re-
verse.

1. We have for consideration as to the deed from plaintiff to defendant of December 23, 1907, the statement of the latter, together with a certified copy of the record of the deed, and the testimony of one A. B. Cropp that he saw a deed in the possession of the defendant the day after it appears to have been executed. On the other hand, the record of the deed offered by the defendant, which the plaintiff swears she never executed, comes to us clouded by the following circumstances: (1) That the name of one of the witnesses appears thereon as "W. S. King," while Mr. King testifies that he always signs his name Samuel W. King; and (2) that the defendant stated that he had the deed recorded, and thereafter erased the certificate of the recording officer, which indicates that he obtained the deed surreptitiously, and was unwilling that plaintiff should know that the same had been recorded. It also crops out in the testimony that at the time of the signing and acknowledging of the deed of September 17, 1906, Mr. King advised the plaintiff that he would not execute a deed with blanks therein like that one. The testimony does not show that the deed offered in evidence by the defendant was ever delivered. The burden of showing this is upon the defendant. In an action to quiet title where each party claims to be the owner of the property, the burden is on each to make good by evidence his affirmative averments touching his own title to it: 12 Ency. Evid. 608.

2, 3. Defendant admits that it was understood that if he died, plaintiff was to have the title to the land. He claims that it was unnecessary to bolster up his credit, as the logging contract had been executed before September 17, 1906. This, however, does not show that he did not state to plaintiff that such was the case, as a reason for obtaining her signature to the deed. The defendant asserted no claim or right to the land

until the beginning of this suit. There is an atmosphere of unnaturalness and mystery surrounding the whole transaction pertaining to the deed offered by the defendant. The possession by the plaintiff of the United States patent and old deeds of the land, and the tax receipts for the taxes paid thereon after the conveyance claimed by the defendant, are consistent with her ownership of the land. The defendant appears to have considered that a record of the deed was all that was necessary for him to establish title without regard to how the deed was obtained. His erasure of the certificate of the recording officer indicates that the plaintiff then had the custody and control of the deed. The matter of the defendant's deed is left largely to speculation. As a matter of conjecture, it may be that the deed which the plaintiff thinks was executed September 17, 1906, for the purpose of enhancing the defendant's credit, and which was never delivered, is the one on record with the blanks filled; but it is not shown by the evidence that this deed, however it came into form, was an effective, binding instrument such as would convey the title to the land, or that it was ever delivered to the defendant. Plaintiff and defendant had separated and ceased their illicit cohabitation, as they both claimed, before the defendant had the deed recorded. Why should he carefully return the deed to the place where it had been kept with the evidence of recording obliterated? He states that he suspected that someone had been stealing papers from his trunk, but he took no steps to follow up the matter, in order to detect the taker, either to the disadvantage of such person or otherwise.

The deed being assailed by the plaintiff as a forgery, the burden is on the defendant to prove all the facts necessary to make it a valid and binding instrument

conveying the land to him: 4 Ency. of Evid. 145; *Butts* v. *Purdy*, 63 Or. 150 (125 Pac. 313, 127 Pac. 25) ; 13 Cyc., 727. This the defendant has failed to do. We think the *prima facie* title shown by the transcript of the record of the deed is overcome by the evidence of the plaintiff, taken in connection with the circumstances referred to: Section 7132, L. O. L.

The decree of the lower court will therefore be reversed, and one entered here declaring the plaintiff to be the owner of and entitled to the possession of the land.

Reversed: Rehearing Denied.

Mr. Chief Justice McBride, Mr. Justice Eakin and Mr. Justice McNary concur.