Argued September 19, affirmed September 25, 1917.

## WESTERN WAREHOUSE CO. *v.* NEW AMSTERDAM CASUALTY CO.

(167 Pac. 572.)

**Insurance—Indemnity—Personal Injury—Liability.**

1. Insurer *held* not liable on an accident indemnity policy for injury of plaintiff's employee in elevator accident; the accident occurring while the employee was engaged in boarding up the shaft, and not while he was in the car, or in the elevator-well or hoistway, or while entering or alighting from the car, for which accidents

alone the contract provided indemnity, and the elevator being in use, during the progress of such work, contrary to policy provisions.

### Witnesses—Inconsistent Statements—Cross-examination.

2. In action on accident indemnity policy, the president's written report of accident and plaintiff's answer in suit by injured employee were admissible on cross-examination, in view of Section 860, L. O. L., providing that the adverse party may cross-examine as to any matter stated in or connected with the direct examination, and Section 864, providing that a witness may be impeached by evidence that he has made at other times statements inconsistent with present testimony, and if such statements be in writing they shall be shown to the witness, and Section 711, providing that when part of an act, declaration, or writing is given in evidence by one party, the whole on the same subject may be inquired into by the other party, and when a detached act, etc., is given in evidence, any other act necessary to make it understood may also be introduced, where plaintiff's witnesses testified as to the details of the accident, and had introduced in evidence the injured employee's complaint, which was a detached writing, for the proper explanation of which the admission of the answer was necessary.

### Witnesses—Cross-examination—Effect.

3. Cross-examination of a witness is part of the case of the party for whom he testifies, and the court is authorized to consider papers admitted on cross-examination as part of plaintiff's case in chief, and to draw conclusions of fact therefrom.

### Insurance—Indemnity—Personal Injury—Burden of Proof.

4. In action on an accident indemnity policy, it was incumbent on plaintiff to prove that the injury to his employee came within the policy terms; the defendant being entitled to rebut this by cross-examination.

[As to admissibility in evidence against pleader of pleading superseded by amended pleading, see note in Ann. Cas. 1913A, 1132.]

Department 1.    Statement by MR. JUSTICE BURNETT.

The defendant issued an indemnity policy insuring the plaintiff against liability for accident happening in connection with the operation of the latter's elevator. The complaint alleges an injury to one of the plaintiff's employees for which it was compelled to respond to him in damages recovered by an action at law which the defendant here was called upon to defend, but refused. It is said, also, that the defendant denies liability under its policy and that the plaintiff has fully complied with all its conditions. The issuance of the policy and the happening of the accident to the em-

ployee are admitted; but the substance of the defense is that the accident for which indemnification is sought is not within the terms of the policy. At the close of the plaintiff's case in a jury trial a judgment of nonsuit was entered against it on motion of the defendant. The plaintiff appeals and relies upon that ruling as the principal error. AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. William P. Lord.*

For respondent there was a brief and an oral argument by *Mr. Frank J. Lonergan.*

MR. JUSTICE BURNETT delivered the opinion of the court.

The facts disclosed by the testimony of the plaintiff are substantially these: In the warehouse which it occupied there was an elevator extending from the basement to the upper stories of the building. It was installed against the north wall which forms one side of the shaft. The entrance to the ·elevator was on the south side and when not in use gates there prevented persons from entering. Except where shut in by partition walls or a stairway, the east and west sides of the elevator shaft were barred only by two planks about eight inches wide nailed to the uprights forming the frame of the shaft, and constituting a barrier about three and one-half feet high. An inspector, however, required this shaft to be inclosed to a greater height where thus exposed. The president of the defendant directed two employees, named Rutt and Barringer, to take some waste lumber from the basement and board up the sides of the elevator shaft on the different stories of the building where it

was open, as described. They had completed the work in the basement and as far up as the second story. There remained yet to be finished the part in the third story. At this juncture Barringer was called to receive some freight for storage in the warehouse. He accordingly left Rutt to go on with the task. The latter engaged in carrying some boards up the stairway to the third story for the purpose of completing the job. While he was thus employed Barringer operated the elevator for the purpose of moving freight when, for some reason not disclosed, Rutt got his head and shoulders caught under the descending counterweights of the machine and was injured. It was for the damages plaintiff here was compelled to pay Rutt as the result of his action against it which the present defendant is called upon to pay under its indemnity policy.

1. The admitted policy provides that the defendant agrees to indemnify the plaintiff

"against loss from the liability imposed by law upon the assured for damages on account of bodily injuries accidentally suffered or alleged to have been suffered while this policy is in force, including death resulting at any time therefrom, by any person or persons while in the car of any of the elevators described in the schedule or in the elevator-well or hoistway thereof or while entering upon or alighting from such car, subject to the following conditions: Condition A. This policy does not cover * * loss from liability from injuries or death suffered by or caused by * * (2) any person during the making of additions to or structural alterations in or extraordinary repairs of any elevator plant, unless a written permit is granted by the company specifically describing the work; but no elevator shall be used for any service while additions, alterations or repairs of any kind are being made in or about such elevator; * * ."

The part of the policy quoted prior to Condition A affirmatively states to what persons the indemnity is to be applied.   It is (1) to any person or persons while in the car of any of the elevators described; (2) to any person or persons in the  elevator-well or hoistway thereof; or (3) to any persons while entering upon or alighting from such car.   Rutt did not come within any of these classes.   He was not in the car, nor in the elevator-well, nor entering upon or alighting from the car.

On the other hand the condition is a negative statement limiting the liability of the insurer.   It is said in the policy that it does not cover loss from liability for injuries suffered by any person whatever while additions or repairs are being made to the elevator plant; further, that no elevator shall be operated while additions, alterations or repairs of  any kind are  being made in or about such elevator.   Directions had been given to Rutt with his fellow-employee to board up the open  spaces  on  the  elevator  shaft  wherever  open. This work was in progress and had not been completed at the time of the accident.   Moreover, the elevator was being used for service in moving ·freight while these ·repairs about it were being made, all contrary to the condition mentioned.   It is not pretended that any permit, either verbal or written, was granted by the company describing the work to be done.   Considering both the positive and the negative terms of the policy, Rutt was not within their purview, and hence there could be no recovery on the case thus made for the plaintiff on the evidence.

2. The plaintiff's complaint of course was a statement of its cause of action designed to bring Rutt within the category of persons for the injury of whom the indemnity would be available, and the effort of

those who testified for it was towards that end. A witness for the plaintiff, who at the time of the injury was its president, was on cross-examination confronted with a report made and signed by him as such president and directed to the defendant stating the circumstances of the casualty, in which he answered the question, "How did accident happen?" in this language, referring to the injured employee:

"Was moving merchandise and nailing up boards on elevator shaft to prevent any merchandise falling down shaft. He looked over railing as cage was going up, and the balance weights descending caught his head and shoulder between weight and railing."

In support of its contention here the plaintiff put in evidence the complaint in the case which Rutt brought against it and in which he recovered damages, together with the summons, the verdict, and the cost bill therein. The defendant here offered the answer which the present plaintiff made in that litigation wherein it was stated, in substance, that at the time of the accident Rutt was making repairs about the elevator shaft. The answer was verified by a witness for the plaintiff here who at the time of the injury was its secretary. The report and the answer referred to, after having been presented to the witnesses who signed them, were introduced in evidence as part of their cross-examination on the ground that they tended to contradict their present statements. The plaintiff here predicates error on the admission of the two documents.

It is said in Section 860, L. O. L.:

"The adverse party may cross-examine the witness as to any matter stated in his direct examination, or connected therewith, and in so doing, may put leading questions. * * *"

Section 864, L. O. L., provides:

"A witness may also be impeached by evidence that he has made, at other times, statements inconsistent with his present testimony; but before this can be done, the statements must be related to him. * * If the statements be in writing, they shall be shown to the witness before any question is put to him concerning them."

It is also stated by Section 711, L. O. L.:

"When part of an act, declaration, conversation, or writing is given in evidence by one party, the whole, on the same subject, may be inquired into by the other; when a letter is read, the answer may be given; and when a detached act, declaration, conversation, or writing is given in evidence, any other act, declaration, conversation, or writing which is necessary to make it understood may also be given in evidence."

The witnesses in question had testified at length upon the question of the happening of the accident. It was legitimate cross-examination to interrogate them as to their declarations in direct testimony, and as to matters properly connected therewith. Confronting them with the papers mentioned was permissible in that respect so as to bring out the whole truth of that branch of the case. In addition to this, it was allowable to introduce the answer mentioned because the complaint in the action of Rutt against the present plaintiff was a detached writing for the proper explanation of which the admission of the answer was necessary.

3, 4. Under the authority of *Ah Doon* v. *Smith,* 25 Or. 89 (34 Pac. 1093), the cross-examination of a witness is part of the case of the party for whom he testifies. The admission of the papers not being erroneous, the court was authorized to consider them as part of the plaintiff's case in chief, and to draw from them the conclusion of fact that Rutt was not within the terms of

the policy so as to call upon the defendant for indemnity for an injury happening to him. It is not strictly a case of the defendant establishing an affirmative defense within the meaning of *Hildebrand* v. *United Artisans*, 50 Or. 159 (91 Pac. 542), and *McGregor* v. *Oregon R. & N. Co.*, 50 Or. 527 (93 Pac. 465, 14 L. R. A. (N. S.) 668), cited by the plaintiff. It was incumbent here upon the Warehouse Company to prove that Rutt was a person within the terms of the policy at the time he received the injury, and the defendant was entitled to break down its opponent's case on the testimony by cross-examination with the result that the plaintiff failed to prove a case sufficient to be submitted to the jury. We deem it unnecessary to consider the other grounds specified in the motion to the effect that it had not been shown that the plaintiff had paid the Rutt judgment in money. The nonsuit was right and must be affirmed.        Affirmed.

Mr. Chief Justice McBride, Mr. Justice Bean and Mr. Justice Benson concur.