Argued September 10, affirmed October 10, 1962

# SENECHAL *v.* BAUMAN
## 375 P. 2d 60

*David W. Harper,* Portland, argued the cause for appellant. With him on the briefs were Keane & Haessler and Robert Neil Gygi, Portland.

*Winfrid K. Liepe,* Portland, argued the cause for respondent. On the brief were Thomas E. Cooney and Maguire, Shields, Morrison, Bailey & Kester, Portland.

Before McAllister, Chief Justice, and Rossman, Perry, Goodwin and Denecke, Justices.

DENECKE, J. (Pro Tempore)

Plaintiff-appellant brought an action against defendant-respondent for injuries alleged to have been caused by defendant's *ordinary* negligence. Defendant was the owner of the car. Plaintiff made no payment for his transportation and was driving at the time of the accident. Plaintiff alleged that the accident was caused by defendant, who was sitting in the front seat beside plaintiff, taking control of the steering wheel and causing the car to veer off the road. Plaintiff's

evidence was that defendant took this action because of an erroneous belief that plaintiff had lost control of the car.

The jury awarded plaintiff $7,293.85. Defendant moved for a judgment notwithstanding the verdict on the ground that the undisputed evidence was that plaintiff was a nonpaying passenger and no gross negligence was alleged or proved. Defendant's motion was granted. Plaintiff's only assignment of error was the trial court's entering judgment for defendant based upon the motion for judgment notwithstanding the verdict.

Plaintiff admits that he was a guest passenger while he was driving defendant's car, up to the point that defendant attempted to seize or did seize control of the wheel.

Plaintiff contends that defendant's action in seizing the wheel changed the conditions under which plaintiff had previously accepted free transportation and that plaintiff's status as a nonpaying passenger ended because of defendant's action. Plaintiff states that if the accident had not intervened plaintiff would have refused to remain under the new conditions and would have demanded to be let out.

The Oregon guest passenger statute in effect at the time, ORS 30.110, provided, in part:

"No person transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against the owner or operator * * * unless the accident was intentional on the part of the owner or operator or caused by his gross negligence * * *."

■ This court has held that in order to be a nonpaying guest within the meaning of the above statute,

there must be an acceptance of the nonpaying guest status, and if one is legally incapable of making such acceptance, such as a four year old infant, a nonpaying guest relationship cannot exist. *Kudrna v. Adamski,* 188 Or 396, 216 P2d 262, 16 ALR2d 1297 (1950).

The court has not passed on the question of whether or not one who has accepted the nonpaying guest status at the beginning of a journey can change that status enroute, before the end of the journey. Other jurisdictions have differed in their answer to this question.

Georgia (*Blanchard v. Ogletree,* 41 Ga App 4, 152 SE 116 (1929), and *Anderson v. Williams,* 95 Ga App 684, 98 SE2d 579 (1957)), Ohio (*Redis v. Lynch,* 169 Ohio St 305, 159 NE2d 597 (1959)), and Florida (*Andrews v. Kirk,* 106 S2d 110 (Fla App 1958)) have specifically decided that if the facts were that the nonpaying passenger protested the host's driving and demanded to be let out of the vehicle then, either as a matter of law or as a question of fact, the passenger was no longer under the guest passenger statute. Washington has held to the contrary. *Hayes v. Brower,* 39 Wash2d 372, 235 P2d 482 (1951), 25 ALR2d 1431, is the latest case from Washington. Other courts have held that a nonpaying passenger's protests with no accompanying or subsequent express demand to be let out of the car are not sufficient to change the status from that of a nonpaying passenger's with the limitations of the guest statute. For example, see *Laplante v. Rousseau,* 91 NH 330, 18 A2d 777 (1941).

If this court were to follow those jurisdictions which hold that a nonpaying-passenger status can be terminated enroute by a protest against the host's driving coupled with a demand to be let out, the appellant nevertheless cannot prevail.

Plaintiff did protest to the specific faulty act which

plaintiff claims caused the accident, i.e., defendant's grabbing the wheel. Plaintiff tried to wrest the wheel away from defendant and told him to get his hands off the wheel. Plaintiff did not demand to be let out of the vehicle. What he would have done in this regard if the accident had not happened, is unknown. Plaintiff argues "* * * it will be presumed that he would have made such a demand had he had the opportunity. To hold otherwise would be to presume that plaintiff would negligently consent to such illegal conduct of the defendant. * * *" Such presumption is strongly doubted, particularly, in that in this case plaintiff was a twenty year old Portlander driving on the Sunset Highway early in the morning from Portland; the accident occurred in the coast range a few miles from Seaside; and there was no evidence of any prior faulty driving or other culpable conduct by defendant.

If plaintiff's contention is correct here it would be equally applicable to many other nonpaying-passenger cases. Frequently, the facts in such cases are that the passenger protested the very act of faulty driving which caused the accident, making such protest at the time such act was being performed. With the hindsight that the faulty conduct produced an accident, the passenger could very well state that if he had had the opportunity he would have demanded to be let out.

■■ However, plaintiff's position is not well taken. Plaintiff accepted the nonpaying-passenger status and, as plaintiff readily concedes, was in that status immediately prior to the allegedly negligent acts of defendant host. There is no evidence that plaintiff made any attempt to change that status. Evidence that plaintiff protested defendant's suddenly culpable con-

duct is not evidence that plaintiff desired to end his status as a nonpaying passenger. There must at least be evidence that the acceptance of the gratuitous transportation was impliedly or expressly rescinded or terminated. This is not accomplished merely by protest against the conduct which caused the injury.

Plaintiff urges that defendant has waived the right to urge that plaintiff was a nonpaying passenger under the limitations of the guest passenger statute, as defendant filed a general denial and did not raise the question of nonpaying passenger by an affirmative defense.

This court has not directly considered this contention previously. Some courts have held that the burden of proving that a passenger was not a nonpaying passenger is on plaintiff, with the inference, therefore, that plaintiff has the burden of alleging a status other than that of nonpaying passenger if plaintiff intends to rely only on ordinary negligence.[1]

Colorado reached a contrary conclusion. That court's reasoning was set forth in *Dobbs v. Sugioka*, 117 Colo 218, 185 P2d 784 (1947), in which the court stated:

" 'All statutes in derogation of the common law or common rights are to be construed strictly.' 59 C.J. sec. 665 p. 1124.

"At common law plaintiff's cause of action would not depend on proof of gross negligence. Since the guest statute deprives one within its terms of a right theretofore existing, it is in der-

---

[1] Robinson v. Workman, 7 Ill App2d 42, 129 NE2d 32 (1955); Cable v. Fullerton Lumber Co., 242 Iowa 1076, 49 NW2d 530 (1951); Wilcox v. Keeley, 336 Mich 237, 57 NW2d 514 (1953); Follansbee v. Benzenberg, 122 Cal App2d 466, 265 P2d 183 (1954), 42 ALR2d 832; Hasbrook v. Wingate, 152 Ohio St 50, 87 NE2d 87 (1949), 10 ALR2d 1342; Conant v. Collins, 90 NH 434, 10 A2d 237 (1939), 136 ALR 1266; and Hayes v. Brower, supra.

ogation of the common law and should be strictly construed. Hence one relying on the guest statute has the burden of clearly establishing that claimant was such guest." (185 P2d at 786)

*Willoughby v. Driscoll,* 168 Or 187, 120 P2d 768, 121 P2d 917 (1942), is in accord that the guest statute is in derogation of the common law and must be strictly construed.

Admittedly, the pleadings in this case did not ably perform a primary purpose of pleading, i.e., clearly framing the issues. Paragraph II of the complaint alleged:

"That on or about August 4, 1957, the plaintiff was driving a vehicle travelling in a general westerly direction from Portland to Seaside, Oregon, and defendant was seated in the front seat on the right hand side thereof, when the defendant negligently took over control of said vehicle from his position on the right hand side of the front seat, causing the vehicle to veer out of control and off the highway, causing plaintiff to suffer injury which will be more fully set forth hereinafter."

The answer denied each and every allegation of the complaint "except defendant admits a collision between the vehicles referred to in plaintiff's complaint." (The complaint and the evidence established this as a one-car accident, with no other vehicle involved, so just what "collision between the vehicles" the drafter of the answer had in mind is a mystery.)

If the general rules of pleading and negligence cases are followed, the pleadings put in issue the status of plaintiff and the consequent duty of care. In *Hendricks v. Sanford,* 216 Or 149, 158, 337 P2d 974 (1959), the court stated an oft-repeated pleading principle:

"A complaint for injuries resulting from negli-

gence should allege what duty was imposed or state facts from which the law would imply a duty and a breach thereof. * * *"

The facts from which the law would imply a duty are not clearly alleged in this complaint. However, the most reasonable inference from the facts alleged is that plaintiff was the driver and defendant had a relationship to plaintiff which required defendant to use ordinary care toward plaintiff. By his denial defendant put in issue the status of plaintiff and defendant's duty to plaintiff. The problem seems to be the same as that which would be present in an action in which plaintiff alleged facts making him a business invitee with a corollary duty of care by defendant; defendant made a general denial, and by testimony proved plaintiff to be a trespasser. Defendant in such a hypothetical case would be permitted to have the case submitted upon the basis of the duty owed a trespasser and would not be held to waive such a contention because he did not plead plaintiff was a trespasser.

In the interest of orderliness of pleading principles, the rule that statutes in derogation of common law should be strictly construed should yield to the general rule of negligence pleading that plaintiff must plead facts from which the law implies a certain standard of care. A denial of these facts by defendant's answer puts plaintiff's status and the consequent duty of care owed plaintiff in issue.

The trial court's granting defendant's motion for judgment notwithstanding the verdict is found to be correct and the judgment for defendant is affirmed.