Argued July 6, affirmed December 8, 1965, petition for rehearing
denied January 11, opinion corrected January 12, 1966

# FIRST NATIONAL BANK ET AL v. MALADY ET AL, MASTERS

408 P. 2d 724

*James H. Clarke,* Portland, argued the cause for appellants. With him on the briefs were Koerner, Young, McColloch & Dezendorf, John Gordon Gearin and George L. Kirklin, Portland.

*Philip A. Levin,* Portland, argued the cause for respondents, except for the Estate of Russell Sheets. On the brief were Maguire, Shields, Morrison, Bailey & Kester; Jack H. Cairns; Jack L. Kennedy; Masters & Masters; Franklin, Olsen, Bennett & Desbrisay, Portland, and Weiser, Bowles & Young, Gresham.

*William J. Masters,* Portland, argued the cause and filed a brief on cross-appeal as personal representative and successor administrator of the Estate of Russell Sheets, deceased, respondent.

Before McAllister, Chief Justice, and Perry, Sloan, *O'Connell, Goodwin, Denecke and Holman, Justices.

SLOAN, J.

This declaratory judgment proceeding was initiated by plaintiff Truck Insurance Exchange to test the coverage of a liability insurance policy it had issued to plaintiff Sites Freight Lines, Inc., and to the individually named plaintiffs Herman Sites, now deceased, and his wife Pauline. Herman was the principal owner of the Sites Freight Lines, Inc. The question presented relates to the omnibus clause of the policy.

---

* O'Connell, J., did not participate in this decision.

A car specifically listed in the policy was involved in an accident at a time when the car was being operated by persons who were not named as insureds. The complaint sought a declaration that those persons were operating the car without the permission of a named insured. The named defendants are those who were harmed, physically or financially, by the accident and whose rights are alleged to be adverse to plaintiffs. The trial jury found that the use of the car at the time and place of the accident was with the permission of a named insured. Plaintiffs' appeal from the judgment entered on the verdict. Exposition of the case will be simplified by referring to the primary plaintiff only, Truck Insurance Exchange.

The omnibus clause of the policy read:

'"* * * The unqualified word 'insured' includes * * * (2) with respect to the described automobile or a substitute automobile, any other person or organization legally responsible for its use, provided the actual use of the automobile is by the named insured or with his permission, * * *"'

The real thrust of the appeal is that the court erred in ruling that plaintiff had the burden of proof. The significant assignment of error is directed at an instruction to that effect given to the jury, to which timely exception was taken. Most of the other assignments are related to this decision of the court. Before explaining our conclusions on this, and other questions presented, the facts should be related.

One of the automobiles described in the litigated policy was a 1951 Chevrolet. Although this car was owned and used almost exclusively by Dale Sites, a 24-year-old son of Herman and Pauline Sites, the car

was registered in Herman Sites' name. The record does not reveal why Herman retained the registered title.

On the evening of March 9, 1963, Dale Sites, accompanied by two companions, Coffield and Sheets, drove the Chevrolet to a farm house of a Mr. and Mrs. Murphy who were mutual friends of the three young men. Coffield was a cousin and frequent companion of Sites. The Murphy home was near Estacada. The young men and their host engaged in some "horse play", beer drinking and other activity. While there, it was decided that some of the group would do some night deer hunting. Whether or not Dale Sites was interested in the hunting was uncertain. There was some evidence that he intended to participate. The young men had a rifle suitable for the intended purpose, but no ammunition.

Dale loaned his car to Sheets for the purpose of going to a store in Estacada to buy ammunition. Coffield accompanied Sheets in Dale's car. Coffield and Sheets left the farm about 10:30 p.m. There was evidence that they arrived at the store in Estacada but that no ammunition was available there. At 2:30 a.m. on the following morning, the car was involved in a collision on U. S. Highway 26 a few miles east of Gresham, at a point some 15 miles north of the place of departure. Both Sheets and Coffield were killed, the occupants of the other car were killed or maimed. It was uncertain as to whether Sheets or Coffield was driving the car at the time of the accident. It is not known where the two young men had been in the interval between the time they left the store in Estacada and the time of the accident. The rifle was found in the car with some shells for the rifle taped to the gun.

Dale Sites testified that he gave permission to Sheets only to use the car and for the purpose of going to Estacada for ammunition. Dale testified, in effect, that he assumed they would go to Estacada and return and would not be gone for long. Defendants' claim that all of the evidence could have caused the jury to reject as untrue the testimony of Sites, which is what the jury did. Because of the gaps in the sequence of events and the uncertainty as to who was driving at the crucial time, it is apparent why the placing of the burden of proof was important in this case. The issue in the instant case was one of fact, not of law.

Plaintiff must rely on *Travelers' Ins. Co. v. Greenough,* 1937, 88 NH 391, 190 A 129, 109 ALR 1096. *Greenough* was also a case involving permissive use of a car. The New Hampshire court ruled that if the case had been one brought against the insurance company the burden of proof would fall on the person claiming policy coverage, therefore, the burden should not shift merely because the insurance company was the initiating party. The court reaches this categorical result without reference to the nature of the issues presented for determination. The case has been criticized by two of the leading authorities on the subject.

In 2 Anderson, Declaratory Judgments (2d ed 1951) at page 872, et seq., it is said the *Greenough* case is without precedent or reason. At 6 Moore's Federal Procedure, page 3157, 1953, it is said that "* * * the Greenough doctrine [is] unwise in its own context. The reasons that underlie the general rule that the moving party must bear the burden of proving the prima facie elements of his claim are also applicable in the vast majority of declaratory actions. Generally, it is reasonable and fair that one who brings

another into court should have the burden of proving the prima facie elements of his asserted claim." And see a comprehensive review of Developments in the Law, Declaratory Judgments, 1941-1949, 62 Harv L Rev 787 at 837. The criticism of the *Greenough* case is justified. To follow that decision would mean that a person claiming coverage would always have the burden of proof, regardless of the issues presented by the pleadings. In addition to being unwise, the rule would violate ORS 41.210 that places the burden upon him who asserts an affirmative issue. We adopt the rule that in most of the declaratory judgment cases the plaintiff initiating the action and who makes affirmative allegation must bear the burden of proving what he alleges.

■ In the instant case plaintiff's complaint alleged the affirmative fact that Coffield was driving when the accident occurred. It was incumbent on plaintiff to prove its allegation that Coffield was the driver. The only basis for shifting the burden of proof to defendants, in this case, would be to apply the categorical rule of *Greenough* and say that the insurer never has the burden. That we decline to do. It was proper, to place the burden on this plaintiff to prove the allegations of the complaint.

We recognize that there may be cases presented in which the issues involved would reverse the burden and perhaps the order of proof. If so, the cases must be determined as they arise.

The remaining assignments of error, even though directed to particular instructions or rulings of the court are, in reality, the equivalent of a motion for a directed verdict. Each assignment is predicated upon a claimed lack of evidence. One assignment claims

error because the trial court refused to withdraw the case from the jury and decide the issue on a question of law. We view the case as one for jury determination.

Dale Sites, who gave the permission for use of the car, was the actual owner of the car and had every right to loan it to others. This would be true whether he was acting as the owner or derivatively from the authority granted by his father, Herman. Dale did testify that he refused permission for Coffield to drive and that he expected that they would drive to Estacada, get the ammunition and return. The evidence of all of the events of the evening could have lead the jury to believe that the three young men were out on a lark and that it was doubtful that such specific instructions and limitations, in the circumstances described in the evidence, were expressed. We think it unnecessary to detail this evidence. It would have been for the jury to infer whether the permission was granted to go to Estacada or if it were granted to get ammunition.

◼ And having set about proving the essential allegation that Coffield was the driver at the time of the accident, plaintiff cannot claim that the evidence was conclusive in that respect. The evidence in this respect was clearly for the jury.

◼ The other issues argued as to what the evidence did or did not prove actually relate to the weight and the truth of plaintiff's evidence and the inferences to be drawn from it. This was jury work. The evidence was sufficient to go to the jury to answer the direct question put to the jury: Was the actual use of the car at the time and place of the accident with the permission of a named insured? We find nothing to cause a reversal.

■ Respondent William J. Masters, as the personal representative of the estate of Russell Sheets, deceased, filed a cross-appeal from a ruling of the court denying him his attorney fees. We can find no basis for the allowance of attorney fees. It is apparent that ORS 736.325 does not apply to this case. There is no other provision, by contract or statute, which would require plaintiff to pay attorney fees. See *Adair v. McAtee,* 1964, 236 Or 391, 393, 385 P2d 621, 388 P2d 748.

Affirmed.

GOODWIN, J., specially concurring.

I would affirm the judgment below for the reason that the instruction on the burden of proof could not have been prejudicial. Assuming for the sake of argument that the trial court was wrong in laying upon the insurer the burden of proving its allegation that an uninsured person was driving the automobile (instead of requiring those claiming coverage to prove that an insured person was driving), the error, if it was error, could not have made any difference to a proper disposition of the case.

The undisputed evidence was that an insured driver was driving the last time any witness saw the automobile being driven. The only witnesses who could shed light upon the identity of the driver at the time of the accident were the persons who removed the bodies. These witnesses were wholly unable to say who appeared to have been driving. Upon such a state of proof, there is no evidence that an uninsured driver was driving at the critical time. Accordingly, the jury could have contributed to the inquiry nothing but speculation. The persons claiming coverage were entitled to it as a matter of law.

PERRY, J., dissenting.

I am unable to agree with the holding of the majority that, because the plaintiff insurance company brought this declaratory judgment action, the burden of proof as to all issues rests upon the plaintiffs. The only issue here presented is whether the driver of the automobile at the time the accident occurred, and numerous claims arose, was driving the automobile with the permission of the named insured. If he was driving with permission, he was an insured. If he was not driving the vehicle with permission, he was not covered by the policy.

It is an established rule of law that one who claims that he is the person entitled to coverage under the terms of a contract of insurance has the burden of establishing that fact. *Jarvis et ux. v. Indemnity Ins. Co.*, 227 Or 508, 363 P2d 740; *LaBarge v. United Ins. Co.*, 209 Or 282, 303 P2d 498, 306 P2d 380; *Hutchison v. Aetna Life Insurance Co.*, 182 Or 639, 189 P2d 586; *Western W. Co. v. New Amsterdam C. Co.*, 85 Or 597, 167 P 572.

Why this rule of law should be applied differently in a declaratory judgment action from its application in a law suit between the same parties, I am unable to understand.

The majority give no reason for this change except to state that it is a general rule that the moving party must bear the burden of proving the elements of his claim. The difficulty with this statement is that a party to invoke the jurisdiction of a court in a declaratory proceeding must allege that a justiciable controversy between the parties exists and in order to establish such jurisdiction must prove that a justiciable issue exists. Therefore, to that extent the general rule,—that a moving party has the burden of proof,—

is correct. Yet when this issue is passed, as in many other cases, the burden of proof may shift, depending upon the issues to be determined.

For instance, in a quiet title action, which is much in the nature of a declaratory action, the burden is upon the plaintiff to establish color of title in himself, but, when this point is passed, the burden of proof rests upon the defendant to establish his lien upon the premises, *Clark v. City of Salem,* 61 Or 116, 121 P 416, or to defeat plaintiff's title by proving a better title to the property in himself. *Burnett et al. v. Hatch,* 200 Or 291, 295, 266 P2d 414; *Durkin v. Ward,* 66 Or 335, 133 P 345.

Also, in the instance where a party claims that the driver of the automobile in which he was riding owed him the duty of using ordinary care, a general denial puts in issue the question of whether or not the plaintiff was a guest. *Senechal v. Bauman,* 232 Or 217, 375 P2d 60. Or "[i]n action for trespass, defendant may prove, under general denial, title in himself, no matter how acquired, whether by deed, inheritance, or adverse possession." (syl.) *Denham et ux v. Cuddeback,* 210 Or 485, 311 P2d 1014.

It is thus apparent that the issues as to burden of proof are not always established by the pleadings, but the burden of proof is cast upon the party who without any evidence upon an issue necessary to his success would fail, or as stated in ORS 41.210, "* * * the burden of proof lies on the party who would be defeated if no evidence were given on either side." Therefore, when dealing with the question of burden of proof, the use of the words "moving party", in the sense of the person commencing the proceeding, is often, as in this case, a misleading statement.

In this case, if no evidence was introduced, the

plaintiffs, as the moving parties, would fail in their attempt to have the issues presented decided; that is, the declaratory judgment action would fail for this is an issue of law which the court must make on the facts. But the "moving party" theory should go no further for ORS 28.090, dealing with declaratory judgments, states that issues of fact "* * * may be tried * * * in the same manner as issues of fact are tried * * * in other actions at law or suits in equity," and ORS 17.250 provides that the court shall instruct the jury "[t]hat in civil cases the affirmative of the issue shall be proved * * *."

As previously pointed out, one claiming coverage under an insurance contract has the burden of establishing affirmatively facts which bring him within the terms of the policy.

The majority apparently rely heavily upon 2 Anderson, Declaratory Judgments, (2nd ed, 1951). *Anderson's* reasons for changing the burden of proof, it will be noted, apply only to insurance companies, and he states his reason as follows:

> "It is a matter of common knowledge that the insurance companies in these cases, which are viewed so charitably by the learned court in that state [New Hampshire], are far more financially able to obtain the proof necessary to establish its affirmative allegations, though negative in form, than the insured or injured parties. Aside from that—and we fully recognize that poverty or affluence is no reason to change rules of law—the pronunciations of the learned court in that jurisdiction, it is submitted, are utterly devoid of all reason and surely find no grounds in precedent." 2 Anderson, Declaratory Judgments 893, § 375.

It will be noticed, *Anderson's* only reason is financial ability; the balance of his statement is but his personal

opinion, which has not only not been subsequently approved by the courts, but has been repudiated. Even *Anderson* in his 1959 supplement discloses this fact, for at page 322 he states:

"In an action by an insurance company for a declaratory judgment as to its liability under the policy, burden of proof was not automatically upon the insurance company, even though it was the moving party, but on the persons who without evidence would be compelled to submit to an adverse judgment for the introduction of any evidence." Citing *Preferred Accident Insurance Co. of New York v. Grasso,* 186 F2d 987 (1951), 23 ALR2d 1234.

In the *Grasso* case, p. 991, the court points out that the suggestion that the burden of proof be upon the insurance company (62 Harvard Law Review 787, 836-838, 1949, cited by the majority) "may have reference only to the burden of going forward where it may well be appropriate. If it goes beyond this, however, we think it not persuasive against the other authorities cited."

Following the leading authority on declaratory judgments, Borchard (2d ed) 404-409, 1941, the court in the *Grasso* case quotes as follows, p. 991:

"Thus, after first stating that 'since as a rule the risk of non-persuasion is on the plaintiff, it is not surprising to find that the burden of proof in declaratory actions rests, in the vast majority of cases, on the moving party,' Professor Borchard proceeds to point out that in cases such as the one we have here, 'Inasmuch as the company's claim of immunity is in reality negatively defensive, there seems no impropriety in leaving the burden of proof exactly where it would have been had suit been brought on the policy, namely, on the insured or injured person.' And he concludes that the burden of proof in such case is not automatically on the

plaintiff, but on him who 'without evidence would be compelled to submit to an adverse judgment before the introduction of any evidence,' or who asserts the affirmative of any issue, quoting Reliance Life Ins. Co. v. Burgess, 8 Cir., 112 F.2d 234, 237, 238, certiorari denied 311 U.S. 699, 61 S. Ct. 137, 85 L. Ed. 453. This statement of the rule has been adopted by other courts: Bauer v. Clark, 7 Cir., 161 F.2d 397, 400, certiorari denied 332 U.S. 839, 68 S. Ct. 210, 92 L.Ed. 411; Pacific Portland Cement Co. v. Food Machinery & Chemical Corp., 9 Cir., 178 F.2d 541, 546, 547.''

In approving the rule that was adopted in the *Grasso* case, the Supreme Court of Vermont made this cogent observation:

"We are aware of the fact that the rule of the Greenough case has been criticized by several text book writers and in some of the law reviews. The author of the Annotation appearing in 23 ALR[2d] 1243 et seq. has this to say on this subject: 'Direct opposition to the rule of the Greenough case is more easily to be found in treatises and law reviews than it is in the decisions. Cases which do not follow the rule more commonly ignore it than discuss it. Cases directly opposing the rule appear to be confined to a small and peculiar group of federal decisions in the Eighth Circuit, the language of which affords some difficulties of interpretation.' The Drumheller, Stoner and Reliance cases, supra, were from courts in that circuit. This interesting question is fully discussed and treated, with numerous cases cited, in the above Annotation.
"The weight of authority as shown by the cases which clearly and specifically answer the question now before us supports the rule of the Greenough case. We approve generally the reasons given for the rule in that case and in others with similar holdings. We do not deem it necessary to point out the reasons which particularly appeal to us. It follows that the chancellor was in error in conclud-

ing that the burden of proof was on the plaintiff to show a violation of the policy condition in question." *American Fidelity Co. v. Hotel Poultney,* 118 Vt 136, 102 A2d 322, 324.

Missouri also approves the rule that the burden of proof is not changed simply because the action is one for a declaratory judgment. *M.F.A. Mut. Ins. Co. v. Quinn,* 259 SW2d 854 (Mo 1953).

"It has been stated in insurance cases as a general rule that the burden of proof in a declaratory judgment action rests where it would have rested had a different type of suit been brought. Accordingly, in insurance cases, the general rules dealing with the burden of proof in such cases have been applied." 22 Am. Jur 2d 965, Declaratory Judgments § 98.

Since *Anderson* made his statement in 1951, I have not been able to find a single court that has accepted his view.

This court has applied the ordinary rules as to the admissibility and the weight and sufficiency of evidence in declaratory judgment actions, *Shepard et ux v. Purvine et al.,* 196 Or 348, 248 P2d 352, and I see no reasonable legal reason for changing the rule as to burden of proof, unless the reason is simply to discourage insurance companies from seeking declaratory judgments, as the majority decision will do, or because of financial ability. To me this nonjudicial reasoning is unthinkable.

In a case such as this, the insured and those claiming under him are in a far better position to produce evidence of the fact that the driver of the vehicle which caused the damage was driving with the insured's permission than is an insurance company to prove the

negative. The evidence of this fact was solely in the hands of the insured and the driver.

In my opinion the trial court's instruction placing the burden of proof upon the insurance company was erroneous and prejudicial and I would reverse the cause for a new trial.