Argued October 27, 1969, modified January 28, 1970

HOLLOPETER, *Respondent, v.* OREGON
MUTUAL INSURANCE COMPANY,
*Appellant.*

464 P. 2d 316

*Martin P. Gallagher,* Ontario, argued the cause for appellant. With him on the briefs were Coughlin & Imhoff, Boise, Idaho.

*Melvin L. Walter,* Ontario, argued the cause for respondent. On the brief were Taggart & Walter, Ontario.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN* and DENECKE, Justices.

DENECKE, J.

The only issue in this appeal is the liability of the defendant insurance company for attorney fees.

Several people were injured when they were struck by plaintiff's car while it was being used by his son. The injured persons made claims against plaintiff and his son. Plaintiff carried a liability insurance policy with the defendant insurance company. The insurance company brought a declaratory judgment proceeding against the present plaintiff to determine whether it had coverage. We affirmed a decision by the trial court that the defendant did have coverage. *Oregon Mutual Ins. v. Hollopeter,* 251 Or 619, 447 P2d 391 (1968).

After the insurance company filed its notice of appeal in the declaratory judgment proceeding, Mr. Hollopeter filed this action seeking reimbursement for collision damage to his automobile, for medical expense incurred for his son and for attorney fees in the declaratory judgment proceeding and in this action. He later supplemented his complaint to include attorney fees for the appeal in the declaratory judgment

---

* Goodwin, J., resigned December 19, 1969.

proceeding. The trial court awarded Mr. Hollopeter his collision damage, his medical expense and his attorney fees in his action and in the declaratory judgment proceeding. Two thousand five hundred dollars in fees was awarded; of that amount $1,600 was for the work in the circuit court in the declaratory judgment proceeding, $600 was for the subsequent appeal, and $400 was for the present action.

■ Generally, attorney fees are allowable in actions at law only if provided by statute or by contract. *Draper v. Mullennex*, 225 Or 267, 271, 357 P2d 519 (1960). Plaintiff's claim for fees is based upon ORS 743.114, which provides:

"(1) If settlement is not made within six months after the date proof of loss is filed with an insurer and an action is brought in any court of this state upon any policy of insurance of any kind or nature, and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action, then the plaintiff shall recover as part of his judgment such additional sum as the court may adjudge to be reasonable as attorney fees."

■ Plaintiff concedes he had no right to attorney fees in the declaratory judgment proceeding and we have so held. *First National Bank v. Malady*, 242 Or 353, 360, 408 P2d 724 (1966). Nevertheless, plaintiff contends that he is entitled to collect the attorney fees incurred in the declaratory judgment proceeding in the present action. The above-quoted statute only provides for the recovery of attorney fees incurred in an action brought to recover amounts due under the policy and not for attorney fees incurred in some other proceeding. That part of the judgment awarding attorney fees for services rendered in the declaratory judgment proceeding is deleted.

■ The defendant also contends that, because it tendered to plaintiff $483.50, plus the amounts of interest and filing and sheriff fees, the trial court erred in awarding plaintiff attorney fees for maintaining this action for property damage and medical payments. The judgment for the property damage and medical payments was $557, plus interest and costs. ORS 743.114 provides for attorney fees if "plaintiff's recovery exceeds the amount of any tender made by the defendant." Since plaintiff's recovery exceeded the amount of the tender, defendant's tender does not bar plaintiff's recovery under ORS 743.114 for attorney fees he incurred in maintaining this action.

Modified.