Argued June 4, reversed and remanded October 24, 1974

# UNITED PACIFIC INSURANCE COMPANY, *Appellant, v.* MAZAMA TIMBER PRODUCTS, INC., *Respondent.*

527 P2d 259

*Sidney E. Thwing* of Thwing, Atherly & Butler, Eugene, argued the cause and filed briefs for appellant.

*Fredrick Siegrist* of Sanders, Lively & Wiswall, Springfield, argued the cause and filed a brief for respondent.

HOLMAN, J.

Plaintiff, an insurance company, brought a proceeding for a declaratory judgment to determine its responsibility to its insured, defendant, under a policy of liability insurance. The matter was tried by the court without a jury. Plaintiff appeals from a judgment for defendant and the dismissal of plaintiff's complaint.

A young boy came upon defendant's premises, a sawmill, near Sutherlin, Oregon, and lost a leg when he fell into a conveyor. The policy of liability insurance issued by plaintiff to defendant had a provision which stated that in case of an accident the insured was required to give the insurer written notice thereof with all available particulars as soon as practicable. Plaintiff claims that no notice was given to it by defendant until more than three years after the accident and that defendant therefore had no coverage. Defendant entered a general denial. Though defendant entered a general denial defendant's counsel in his opening statement represented to the court that it

was defendant's position that it had given oral notice to plaintiff's local sales agent from whom the policy had been purchased.

Plaintiff put on the stand its claims manager at Eugene who testified that the home office was in Tacoma, Washington, and there were two branch claims offices in Oregon for plaintiff, one in Eugene and the other in Portland. The Eugene office handled claims for the southern part of the state where Sutherlin is situated. He further stated that reports of accidents reach the claims office either by being given directly to it or by being reported to one of plaintiff's agents who in turn passes the information to the claims office. Though the policy requires written notice, oral notices are acted upon and treated as adequate if reported to the claims office. He said that no notice of any kind had been received by the claims office from anyone until more than three years after the accident when written notice was received from defendant's attorney. The manager specifically testified that no notice had been received by the claims office from the local agent.

Upon cross-examination by opposing counsel and the court, the manager testified that he could not "flatly and unequivocally" state that no notice had been filed with any agent of the company, with the claims office in Portland, or the home office in Tacoma. He was the only witness called by plaintiff.

After the production of this evidence, plaintiff rested and defendant moved for a non-suit. The court would not entertain the motion unless defendant also rested, because of the rule set forth in *Karoblis v. Liebert,* 263 Or 64, 501 P2d 315 (1972), which requires

that in the trial of a law case without a jury, the defendant must rest if he wishes to test whether plaintiff has made out a prima facie case. Thereupon defendant reluctantly rested without putting on any evidence and the court gave judgment for defendant and dismissed plaintiff's complaint because plaintiff failed to prove its case. Plaintiff filed this appeal.

■ Plaintiff's first contention is that the court erroneously put the burden upon plaintiff of proving that defendant filed no notice of the accident as required by the policy. Plaintiff claims that the burden is upon defendant to show that he is entitled to coverage and that he gave the requisite notice of the accident to the insurer. Plaintiff's position is not well taken, as we have twice decided that when the insurer brings an action for a declaratory judgment to adjudicate the question of coverage and alleges that no coverage exists, the insurer has the burden of proving why there is no coverage. *General Acc. Fire and Life v. Shasky,* 266 Or 312, 512 P2d 987 (1973); *First National Bank v. Malady,* 242 Or 353, 408 P2d 724 (1966). In *Shasky* we ruled on the specific matter raised here. We said:

"* * * In the instant case, having contended it was not responsible because of lack of prompt notice, General has the duty of proving the lack of notice * * *." 266 Or at 321.

■ Plaintiff next contends that it did prove its case and that the trial court erroneously granted judgment to the defendant. It is apparent from the transcript that the trial judge was under the impression, in ruling for the defendant, that in order for plaintiff to prove a case, its witness had to state "flatly and unequivocally" that no notice of any kind had been given to any representative of plaintiff which, of course, the

witness could not do. The trial judge overlooked defendant's informing the court in its opening statement that it claimed only to have given oral notice to plaintiff's local agent, who had died by the time of trial, and, therefore, it was unnecessary for plaintiff to negative all other possibilities of notice (if such was ever necessary) because defendant was not claiming to have given any other notice.

The policy required written notice; however, plaintiff's evidence indicated that if oral notice was relayed to the claims office, it was treated by the company as adequate, and, therefore, the issue was whether such oral notice had been received by the claims office through plaintiff's local agent. Plaintiff's evidence was to the effect that it had not been so received, but it was apparent that in ruling against plaintiff the trial judge was not deciding the believability of this evidence, but, rather, was ruling for defendant under the misapprehension that it was necessary for the plaintiff to negative all notice of any kind to anyone.

■ Because the trial judge was laboring under a misapprehension of what plaintiff had to proof, we feel constrained to remand the case to the trial court for a determination on the actual issue of whether adequate oral notice was given through plaintiff's local agent. The rule of *Karoblis* is for the purpose of preventing two appeals. However, as long as this matter has to be sent back for a further determination by the trial judge and another appeal is a possibility in any event, we suggest that both plaintiff and defendant be given an opportunity to present whatever further evidence on the question of notice they may desire. This will give defendant an opportunity to put on

such evidence as it may have of notice to plaintiff through the local agent and will give both parties an opportunity to present evidence of the local agent's records as may exist relative to the matter.

The judgment of the trial court is reversed and the case is remanded for further proceedings in accordance with this opinion.