**UNITED STATES FIRE INSURANCE COMPANY, a New York corporation, Plaintiff,**

**v.**

**Donald E. MOBLEY, Linda Mobley, Barbara Stone and Patrick J. Stone, Defendants.**

**Civ. No. 89–1185–FR.**

United States District Court, D. Oregon.

Feb. 11, 1992.

Timothy E. Miller, Michael G. Harting, Martin, Bischoff, Templeton, Langslet & Hoffman, Portland, Or., for plaintiff.

Donald B. Bowerman, A. Gregory McKenzie, Hibbard, Caldwell, Bowerman & Schultz, Oregon City, Or., for defendants Barbara Stone and Patrick J. Stone.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

FRYE, District Judge:

This is an action for declaratory relief in which the plaintiff, United States Fire Insurance Company (U.S. Fire), seeks a judicial declaration that its insurance policy does not provide coverage for defendants Donald E. Mobley and Linda Mobley for damages arising out of an aircraft accident in which defendant Barbara Stone suffered injuries on June 9, 1987. U.S. Fire also seeks a judicial declaration that it has no duty to defend Donald Mobley in the action in which Barbara Stone seeks damages from Mobley. Trial was to the court.

The matter before the court is the final disposition of this action. The following Findings of Fact and Conclusions of Law are entered in accordance with Fed.R.Civ.P. 52(a).

## FINDINGS OF FACT

U.S. Fire is the underwriter of Policy Number GLA41–24880, issued through its managing general agent, Aviation Office of America, Inc., to the City of Madras (hereinafter referred to as "the Policy"). The Policy was amended by Endorsement 1 to include in the definition of insured "any airport manager of the Named Insured while acting within the scope of his duties as such." Pl.Ex. 1, p. 9. The Policy became effective on April 2, 1987 and provides, in part, that:

The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of

A. bodily injury or

B. property damage

to which this insurance applies, caused by an occurrence and arising out of the ownership, maintenance or use of the insured premises and all operations necessary or incidental thereto, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage.

Pl.Ex. 1, p. 5.

The Policy states as follows:

Item 1. Named Insured and Address:
CITY OF MADRAS (SEE ENDORSEMENT NO. 4)
MADRAS CITY–COUNTY AIRPORT
MADRAS, OR 97741

Item 2. Policy Period:
From APRIL 2, 1987 to APRIL 2, 1988

The named insured is:
... [X] Corporation ...

Business of the named insured is:
FIXED BASE OPERATOR

Pl.Ex. 1, p. 3.

Endorsement 1 of the Policy provides, in part:

It is agreed that such insurance as is afforded by the Policy for bodily injury liability and for property damage liability applies to the ownership, maintenance or use of the airport designated below or in the Policy, including all operations necessary or incidental thereto, subject to the following provisions:

1. "Insured" under Definitions, is amended to include any airport manager of the Named Insured while acting within the scope of his duties as such.

....

3. This Insurance does not apply:

....

(b)(1) ...

(2) To the ownership, maintenance or use of

(iv) Schools other than pilot training schools....

Pl.Ex. 1, p. 9.

On May 26, 1987, the City of Madras and Jefferson County, as landlords, and Donald and Linda Mobley, as tenants, entered into a lease agreement whereby the Mobleys leased the airport premises from the City of Madras and Jefferson County. Under the terms of this lease agreement, the Mobleys were designated as airport managers. The lease agreement provides that "[t]he Landlord shall pay to the Tenant the sum of $750.00 per month to carry on the responsibilities of airport manager." Pl.Ex. 2, p. 3, para. 4.

The lease agreement further provides that the "[p]remises shall be used only for

commercial operation of aircraft, including reconstruction, sales, service, maintenance, reconstruction, repair, industrial research and development, storage of aircraft and included activities. Any other activity of Lessee must be approved by the Landlord." Pl.Ex. 2, p. 4, para. 6.

Section 12 of the lease agreement provides, in part: "The obligations of the Tenant pursuant to the terms of this Lease are as follows ... M. Provide pilot training, aircraft rental, FAA certified air charter, and FAA certified aircraft maintenance and inspection." Pl.Ex. 2, pp. 9–10, para. 12M.

The lease agreement further provides, in part: "Landlord shall provide airport general liability insurance, hangar keeper's liability insurance, premises liability insurance for fuel operation, and insurance required on jet fuel truck with the Tenant as an additional named insured." Pl.Ex. 2, p. 8, para. 7.

Finally, the lease agreement provides, in part: "Tenant's business is entirely separate from the initial business of the City of Madras and County of Jefferson and Tenant is in no way an employee or agent of the City of Madras or Jefferson County." Pl.Ex. 2, p. 13, para. 23.

Donald Mobley is an FAA certified flight instructor. Madras Aviation is a sole proprietorship which provided flight instruction at the Madras Airport and had one aircraft available for rent at the Madras Airport. Donald Mobley operated the sole proprietorship, Madras Aviation, at the Madras Airport. Neither the City of Madras nor the County of Jefferson intended to offer flight instruction as a part of the services that the City of Madras and the County of Jefferson provided at the airport, although both the City of Madras and Jefferson County intended to require the Mobleys to offer flight instruction at the Madras Airport.

On June 9, 1987, defendant Barbara Stone, a student pilot, flew from the City of The Dalles to the City of Madras with a flight instructor. The flight instructor became ill during the flight and was hospitalized upon landing in the City of Madras. Barbara Stone sought permission from Donald Mobley, who is an FAA certified flight instructor, to fly back to the City of The Dalles without a flight instructor. Donald Mobley endorsed Barbara Stone's logbook so that she could make the return flight to the City of The Dalles without a flight instructor. The plane crashed short of the runway in the City of The Dalles. Barbara Stone suffered severe injuries.

Barbara Stone filed an action in the Circuit Court of the State of Oregon for the County of Multnomah against The Cessna Company, the City of Madras, Jefferson County, and Donald E. Mobley. In the first claim for relief, Barbara Stone alleges that the City of Madras, Jefferson County, and Mobley were negligent in authorizing her to embark on a solo flight. In the second claim for relief, Barbara Stone alleges that the City of Madras, Jefferson County and Mobley held themselves out to the public as providing, through the City of Madras and through Mobley, the services of a flight instructor, as well as an airport manager.

After Barbara Stone filed her action in Multnomah County, U.S. Fire filed this action seeking a judicial declaration that U.S. Fire is not required to defend Donald Mobley in the state court action because Mobley was not acting within the scope of his duties as airport manager when he endorsed Barbara Stone's logbook, thereby enabling her to fly without a flight instructor.

## CONTENTIONS OF THE PARTIES

U.S. Fire contends that Donald Mobley was acting in his capacity as a certified flight instructor for Madras Aviation at the time he endorsed Barbara Stone's logbook. U.S. Fire points out that Donald Mobley was not insured as a certified flight instructor for Madras Aviation under the Policy, and therefore the Policy does not provide coverage for Mobley.

U.S. Fire contends that any inference that its Policy covers the operation of the fixed base operator at the Madras Airport was created by ambiguity in the lease agreement and errors made by the underwriter in preparing the Policy, and that any such inference does not represent the intent of U.S. Fire and the City of Madras.

The Stones contend that the Policy in effect at the time of Barbara Stone's accident provides insurance coverage for the fixed base operation, including flight instruction, at the Madras airport. The Stones argue that at the time Donald Mobley endorsed Barbara Stone's logbook on June 9, 1987, he was an insured, and as an insured, he was covered under the Policy when he acted as the manager of the Madras Airport and as the fixed base operator, one of whose duties was to provide flight instruction.

The Stones contend that any ambiguity in the Policy as to the extent of coverage provided by the Policy should be construed in favor of coverage for the events involved in this case.

### ANALYSIS AND RULING

The issue in this case is whether U.S. Fire is entitled to a declaration as a matter of law 1) that its insurance policy does not provide coverage for Donald Mobley for damages sustained by Barbara Stone in a plane crash on June 9, 1987; and 2) that U.S. Fire has no duty to defend Donald Mobley in the underlying action in this case.

U.S. Fire initiated this action for a declaratory judgment, and therefore U.S. Fire bears the burden of proving facts from which this court can find that there was no insurance coverage and U.S. Fire has no duty to defend Donald Mobley under the Policy. *First Nat'l Bank v. Malady*, 242 Or. 353, 357–58, 408 P.2d 724 (1966).

The court adheres to its earlier ruling that the language in Endorsement 1 to the Policy extends coverage to Donald Mobley when he acts within the scope of his duties as manager of the Madras Airport. However, the scope of Mobley's duties as manager of the Madras Airport is not so easily determined.

The Policy in this case states that the business of the insured is "fixed base operator." The lease agreement between the Mobleys and the City of Madras designates Donald Mobley, the tenant, as airport manager and requires that Donald Mobley provide pilot training. The lease agreement does not define the duties of Donald Mob-

ley as airport manager, the duties of Donald Mobley as tenant, or the duties of Donald Mobley as pilot trainer.

The Policy provides liability insurance coverage for the acts of Donald Mobley which are the result of the use of the premises for operations which are "necessary or incidental" to the use of the airport. Pl.Ex. 1, p. 9. Endorsement 1 of the Policy specifically adds to the definition of the named insured the activities of "any airport manager," and specifically excludes coverage for "[s]chools other than pilot training schools." *Id.*

U.S. Fire admits that insurance coverage for the "fixed base operator" would include insurance coverage for pilot training, but argues that the indication in the Policy that the business of the named insured (City of Madras) is "fixed base operator" was a mistake in the underwriting process and that Donald Mobley was not acting on behalf of the City of Madras in providing flight instruction.

Any ambiguity created by the mistake of U.S. Fire which creates a reasonable doubt as to the intended coverage must be resolved against U.S. Fire and in favor of extending coverage. *Shadbolt v. Farmers Ins. Exch.*, 275 Or. 407, 411, 551 P.2d 478 (1976). Reasonable minds in this case could conclude that the Policy provides coverage for the fixed base operations, including pilot training, at the Madras Airport. Reasonable minds could conclude that the Policy includes coverage for Donald Mobley's actions as the fixed base operator, including his provision of pilot training, at the Madras Airport.

The court concludes that U.S. Fire has not carried its burden to show that it is entitled as a matter of law to a declaration that its insurance policy does not provide coverage for Donald Mobley and Linda Mobley for damages arising out of Barbara Stone's plane crash on June 9, 1987.

Even if the court were to conclude that the Policy does not provide coverage for Donald Mobley's actions in this case, U.S. Fire would not be entitled to a declaration that it has no duty to defend Donald Mobley in the underlying liability action. If there is any doubt as to whether the

charges against the insured state a claim within the coverage of the Policy, such doubt will always be resolved in favor of the insured. *Aetna Casualty & Sur. Co., v. Martin Bros. Container and Timber Prods. Corp.*, 256 F.Supp. 145 (D.Or.1966). The allegations of the complaint are adequate to show probable liability under the Policy. U.S. Fire has an obligation to defend Donald Mobley in the underlying action.

The court will file a judgment in favor of the Mobleys and against U.S. Fire as of this date.